### GARDNER v. DEMBINSKY.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

SPECIFIC PERFORMANCE—MARKETABLE TITLE.

    Under a devise to her of a life estate with the option of selling the same and dividing the proceeds among several persons as directed by the will, defendant's grantor sold the property at public auction, and herself became the purchaser. Subsequently she conveyed to defendant, and the latter

entered into a contract of sale with plaintiff. *Held*, that specific performance of this contract will not be enforced; for since, as under the terms of the will defendant's grantor occupied a position of trust, she could not be a purchaser at her own sale, and defendant's title under a conveyance from her is not a marketable title which plaintiff is bound to take.

Appeal from special term, New York county.

Action by Christina M. Gardner against Annie Dembinsky for specific performance of a contract to sell real estate, or, in the alternative, for the recovery of the sum paid on the contract by plaintiff. From a judgment in favor of plaintiff for the latter amount, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Delos McCurdy, for appellant.

William H. Stockwell, for respondent.

HATCH, J. This action was brought to compel the specific performance of a contract for the sale of land, or, in case performance could not be had, that the plaintiff recover the sum paid upon the contract, together with her costs and expenses. By the judgment it was determined that specific performance could not be had, as the defendant could not convey a good title to the land, and therefore a recovery was authorized for the sum of money paid out, and the expenses, as demanded in the complaint, and the same were declared to be a lien upon the premises, and direction was given to satisfy the same by a sale of the land. This judgment is attacked by this appeal. It appeared by the testimony that Margaret T. Mulvey, the defendant's grantor of the premises, was a niece of Thomas Gamble. The latter died, leaving a last will and testament, by the terms of which, so far as is important to this controversy, he devised as follows:

"Firstly. After all my lawful debts and funeral expenses are discharged, I leave my house 43 Market Street, City of New York to my Neice Margaret T. Mulvey, during her natural life with the privilege of selling the same at her option with the concent of my executors. And from the proceeds of sale my executors will give Magge T. Mulvey Three Thousand Dollars. And to my Neice Bridget Mulvey Two Thousand Dollars. The ballance to be divided into Three Equal parts amongts the following named parties.

"1st. Rev. Edward Southwell O. C. Pryer Resedence 234 East 28th New York or to his successor

"2nd Rev F Derichmant superior of the Missionaries of the Secret Heart Watertown New York or his successor.

"3rd Convent of the Most Precious Blood 291 Sumpter street Brooklyn: Rev Mother Gertrude Superior or her successor N. Y."

By the concluding clause of the will executors were appointed to carry out its provisions. The land in controversy is the same premises devised in the above-quoted clause of the will. By another clause of the will the devise to Margaret T. Mulvey of the premises was made subject to a life interest of a sister of the deceased, and she was to receive the rents therefrom. The sister having died, Margaret entered into possession of the property. Subsequently she elected to sell the property, and notified the executors in writing of the fact. Thereupon, and on the 31st day of May, 1895, the premises

were sold at public auction at the real-estate exchange in the city of New York, and were bid in by Margaret for the sum of $4,000, that being the highest sum bid therefor.    The executors of the will thereafter, and on the 4th day of June, 1895, executed a deed of conveyance, which recited, inter alia, that part of the will conferring the privilege of sale upon Margaret, at her option, with the consent·of the executors; also the fact that she had made her election in writing, the advertising of the premises for sale at public auction, the amount of the bid therefor, and that it was the highest bid.    The will and this deed were duly entered of record.    On January 5, 1899, Margaret conveyed the premises by deed to the defendant for a nominal consideration of one dollar, as expressed therein, but in fact the consideration was $8,000, and she subsequently executed the contract of sale which is the subject of this action.

The court below was of the opinion that the correct construction of the will vested in Margaret T. Mulvey a power of sale of the property, subject to the consent of the executors.    This conclusion is attacked, and the claim made that, as the will vests in the executors the power to make distribution of the proceeds of the property, they became vested with the power of sale, and were the only persons who could execute the power.    If, in fact, the power was vested in Margaret, then no title could pass until she executed the deed to the defendant, for until that time she had not conveyed, but held solely by virtue of the terms of the will.    It is also very doubtful whether this deed by her is effectual to convey good title, for by the terms of the will the executors were to give their consent.    It is the express provision of section 122 of the statute of uses and trusts (1 Rev. St. p. 736) that, where the consent of the grantor or of a third person to the execution of a power is requisite, such consent shall be expressed in the instrument, or shall be certified in writing thereon.    The revision of this law as it now appears in the real property law (section 153) continues the rule.    The deed in the present case contains no recital in compliance with this provision of law, in consequence of which it would seem that it is not in conformity to the condition authorizing the exercise of the power, and that no title passed by it. Griswold v. Perry, 7 Lans. 98; Barber v. Cary, 11 N. Y. 397; In re Vanderbuilt, 20 Hun, 520.    If, however, it be assumed that the executors are vested with the power of sale, and that the consent thereto was lodged in Margaret, of which there is foundation for the claim, as they were to make distribution of the money (Perry, Trusts, § 501), we are confronted by the fact that Margaret was constituted, by the terms of the will, either a trustee or a donee of a power in trust.    She only took a life interest in the property if it remained unsold.    If it was sold, she became entitled to the sum of $3,000, and the other beneficiaries named in this class took the remainder in equal shares.    This relation, by the terms of the statute, would seem to impose upon the executors, or upon Margaret, or both, a general power in trust.    1 Rev. St. p. 734, § 94; Real Property Law, § 117. It is not necessary that we determine the exact relation which either the executors or Margaret have to this property, or the relation which each bore to the other, or what the proper solution is of the ques-

tions to which we have called attention. Answers thereto are not necessarily required at this time. The question presented for our determination is, can the defendant convey a marketable title? The settled equitable rule is that the parties who are placed in a situation of trust and confidence in reference to property which is the subject-matter of sale and purchase are not authorized to become purchasers at the sale, and hold the same to their individual use; and this rule embraces all classess of trustees. Taylor v. Klein, 47 App. Div. 343, 62 N. Y. Supp. 4. It is not enough to show that the transaction in such case was in all respects fair. It is the relation which prohibits the act, and, as this may be abused if the transaction be permitted to stand, the policy of the law requires that it be held voidable. It was said in Boerum v. Schenck, 41 N. Y. 182, that the trustee or the devisee of a power in trust "cannot sell to himself, either directly or indirectly." No circuity in the method by which title is vested in the trustee can avail to devise an indefeasible title. This rule was applied by the Second department of the supreme court, and carried much further in application to particular facts than is necessary to establish a defective title in this case. Stokes v. Hyde, 14 App. Div. 530, 44 N. Y. Supp. 132. It is doubtless true that title conveyed by a trustee vested with a power of sale, or a title acquired by a trustee upon a sale pursuant to the terms of a trust in a particular case, is not void, and will stand, unless attacked; yet, if it is voidable, and cannot resist an attack made upon it by the party or parties in interest, then such trustee, or a grantor from him, cannot convey a marketable title, unless other considerations intervene which cure the defect. People v. Open Board of Stock Brokers Bldg. Co., 92 N. Y. 98.

The purchaser in the present case was bound by the will, and was required by the terms of the will to take notice of the relation thereto of Margaret T. Mulvey and of the executors, the character of such relations, and the disability created thereby. McPherson v. Rollins, 107 N. Y. 316, 14 N. E. 411; Moot v. Association, 157 N. Y. 201, 52 N. E. 1; Taylor v. Klein, supra. Such notice disclosed the fact that Margaret could not become a purchaser at the sale for her own benefit; certainly not without leave of the court authorizing her so to do (Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334); and there is no pretense that such leave was obtained. The defendant's title, therefore, is open to attack by the beneficiaries under the will who were to take upon the death of Margaret, or upon a sale being made of the property. Being so open to attack, it is an unmarketable title, which the plaintiff was not bound to take. It is apparent, therefore, that this renders unnecessary of determination the question in whom was vested the power of sale; for, if we assume it was vested, as claimed by the appellant, in the executors, or in Margaret, the result would be the same; Margaret could not obtain and convey an indefeasible title under the proceedings which were had. The judgment should therefore be affirmed, with costs. All concur; RUMSEY, J., in result.