## PRENTICE v. TOWNSEND et aL

(Supreme Court, Appellate Division, Second Department.    February 24, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 144*)—CONVEYANCE BY EXECUTOR—VALIDITY.

A conveyance by an executor to his brothers, who on the same day conveyed to him individually a third interest in the realty, made without leave of court, is voidable.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 579–584; Dec. Dig. § 144.*]

2. VENDOR AND PURCHASER (§ 129*)—SUFFICIENCY OF VENDOR'S TITLE—MARKETABLE TITLE.

Where the title to land tendered to a purchaser was through an executor's sale to his two brothers, without leave of the court, and a reconveyance the same day to the executor individually of an undivided third interest, the title was not one the purchaser was bound to accept, the transaction being voidable, even though 14 years had elapsed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 129.*]

3. JUDGMENT (§ 743*)—RES JUDICATA—MATTERS CONCLUDED.

In 1890, E., as executor of his father's will, conveyed lands of the estate to another, who subsequently reconveyed them through another grantee to E. individually. In 1895, in an action for partition by E.'s sister, it was adjudged that such conveyances were void, that the lands still belonged to the estate, and E. was ordered to sell them under his testamentary power. In the same year, E., as executor, conveyed the lands to his two brothers, who immediately reconveyed to E. individually an undivided third thereof. *Held*, in a subsequent action by a purchaser from E. and his two brothers to recover his down payment on the ground that the title was unmarketable, that the judgment in the partition case was binding on the defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1275–1277; Dec. Dig. § 743.*]

4. VENDOR AND PURCHASER (§ 351*)—DEFECT IN TITLE—RIGHTS OF PURCHASER.

A purchaser who is entitled to a return of a part of the price if he builds a house within a year may not, on the vendor failing to give good title, recover expenses incurred in employing an architect to prepare plans, though the vendor knew of the employment; an expenditure by the purchaser while uncertain about the title not being generally recoverable from the vendor on rejection of the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 351.*]

Appeal from Rockland County Court.

Action by Vincent R. Prentice against Edward I. Townsend and others. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Conditionally modified and affirmed.

See, also, 137 App. Div. 897, 121 N. Y. Supp. 1144.

---

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

William E. Gowdey, for appellants.

Frank Comesky, for respondent.

JENKS, P. J. The objection to the title rested upon the facts that the realty was vested in the three defendants under the father's will, and that the records showed the defendant E. I. Townsend, as sole executor of said will, conveyed the property to his two brothers, the other defendants, in 1895, who on the same day conveyed to him personally a one-third interest in the realty. There was or is no contention that there was leave of court for conveyance by the executor to himself. The title was rejected on February 17, 1909, and the accounts of the executor were not filed until June 4, 1909. We think that the objection justified the rejection. Such conveyance was voidable (Gardner v. Dembinsky, 52 App. Div. 473, 65 N. Y. Supp. 183, affirmed 170 N. Y. 593, 63 N. E. 1117; People v. O. B. of S. B. B. Co., 92 N. Y. 98), and the doctrine of caveat emptor might apply to this plaintiff (People v. O. B. of S. B. B. Co., supra; Maupin on Marketable Title to Real Estate, 109). We think that the statute of limitations did not avail to perfect the title. The conveyance was made in 1895. In People v. O. B. of S. B. B. Co., supra, the executor did substantially what was done in this case, and the court, per Finch, J., say:

"The purchaser here is not protected as one buying in good faith and without knowledge of the breach of trust, for he has ascertained the facts. so far as they are known, before any acceptance of the deed or payment of the purchase money. Wormley v. Wormley, 8 Wheat. 449 [5 L. Ed. 651]. Nor is the lapse of time conclusive upon the beneficiaries under the will of Meier. Twenty years had not elapsed when this attempted sale was made. In Hawley v. Cramer, 4 Cow. 735, it was said that an application to set aside the sale must be made within a reasonable time, of which the court must judge under all the circumstances, and 20 years was named as the shortest period which a court of equity would be bound to consider an absolute bar. A resale was refused after 18 years (Gregory v. Gregory, Coop. Ch. Cas. 201), and after 16 years (Bergen v. Bennett, 1 Caines, Cas. 1 [2 Am. Rep. 281]). On the other hand, in Hatch v. Hatch, 9 Ves. 292, the sale was set aside after the lapse of 20 years; in Dobson v. Racey, 3 Sandf. Ch. 66, after 27 years; in Purcell v. McNamara, 14 Ves. 91, after 17 years. Of course, in all these cases diverse and varied circumstances operated to affect the judgment of the court and produced very different results; but they show that such time as has elapsed in the present case is not necessarily conclusive, and that the purchaser taking the receiver's deed, and in total ignorance of the occasion or circumstances of the delay, would run the risk of an adverse decision and hold at the best only a doubtful title. Infancy, ignorance, concealment, or misrepresentation might come to explain and excuse the delay, and prevent it from amounting to acquiescence."

I may add that at the time of the objection the purchaser offered to take an executor's deed from the defendant E. I. Townsend of one-third, together with a deed of the other two defendants.

Moreover, it appeared that in 1890 and 1892 conveyances were made of the realty by the said defendant E. I. Townsend as such executor to his brother Charles, from the latter to Hopper, and from Hopper to the said E. I. Townsend individually, but that in a partition action

brought by a sister of these defendants it was adjudged in 1895 that the conveyances were void, that the lands were estate lands, and the executor was directed to sell them under his testamentary power. There was no proof that this judgment was ever reversed or modified. This judgment is binding on the defendants. Earle v. Earle, 173 N. Y. 487, 66 N. E. 398.

The jury found specifically as follows:

"We find for the plaintiff $100, the money paid by plaintiff to defendants' as a deposit, with interest from December 12, 1908, to date; $50 for the architect's plans; and $100 for counsel fee."

I see no error in these items of nominal damages save as to that for architect's plans. The defendants challenged the propriety of this item by exception to the instruction to the jury, and by a request for an instruction as well. The learned counsel for the respondent concedes that generally such outlay could not be recovered; but he insists that it is recoverable in this action because the plaintiff proved that as a part of his contract he was required to erect a house upon the premises within a year. There is proof of the understanding that if the plaintiff built a house upon the realty within a year the defendants would return $100 of the purchase price. Even giving this understanding the force of an agreement, there is no proof that it required or justified the plaintiff in an outlay previous to his acquisition of the title. The general rule is that expenditure by the purchaser for improvements, while he is uncertain about his title, cannot be recovered. Maupin on Marketable Title to Real Estate, p. 224; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115; Chamberlain v. Brady, 49 N. Y. Super. Ct. 484. Even though the defendants knew that the purchaser had employed the architect to prepare plans, unless such employment was required at such time perforce of the contract of sale, that circumstance would not cast liability upon the defendants.

The judgment and order must be reversed, and a new trial must be ordered, costs to abide the event, unless within 20 days plaintiff consent to a modification of the judgment by deduction of the $50 for architect's plans; in which case, as so modified, it is affirmed, but without costs. All concur.