HENRY A. STAPLES *vs.* GEORGE W. DEAN.

A third person agreed to convey to the plaintiff the land of the defendant. At the request
of this person, the defendant conveyed to the plaintiff, but received therefor but a por-
tion of the consideration money specified in the deed, and paid by the plaintiff to the
other party.  In an action for a breach of the covenants of seisin and right to convey,
*Held*, that the measure of damages was the value of the land at the time of the convey-
ance, or, at the plaintiff's election, the amount actually received by the defendant.

CONTRACT upon the covenants of seisin and right to convey in
a deed of land given by the defendant and his wife to the plain-
tiff.   The consideration named in the deed was $950.

At the trial in the Superior Court, before *Devens*, J., the exe-
cution and delivery of the deed were proved, and it was admit-
ted that neither of the grantors had any title or interest in the
land, except the right of the female grantor to dower, the land
having been the property of her former husband.

There was evidence to show that the plaintiff, being the agent
of a life insurance company, negotiated with one Sylvester, to
get him to insure his life, and agreed with him, if he would take
out a policy, to purchase a lot of land of him, and pay for it by
giving him a policy in the company of which he was agent, the
plaintiff paying the first year's premium to the company, and
paying the remainder of the purchase money by a note and
mortgage.   At that time Sylvester showed the plaintiff the lot in
question, with other lots, and the plaintiff selected this lot, sup-
posing at the time that it belonged to Sylvester.   Sylvester after-
wards bargained with the defendant and his wife for the purchase
of the lot for the sum of $475.   The defendant and his wife
made the deed of the land to the plaintiff, the consideration be-
ing stated to be $950, and received therefor from Sylvester $25
in money, and the plaintiff's note for $450 and interest, secured
by a mortgage on the land.

The plaintiff contended that the price which he paid Sylvester for the land, with interest on it from the time of the sale, was the measure of damages, and offered to prove that the sum which he paid to Sylvester was, first, $484.51, one year's premium on the policy of insurance from the Hercules Life Insurance Company upon Sylvester's life, which he paid in cash to the company, and his note and mortgage to the defendant's wife for $450.

The defendant and his wife testified that they did not know that the sum of $950 was named in the deed as the consideration, but supposed that the consideration was $475, and that they knew nothing of the bargain between the plaintiff and Sylvester; that the deed was prepared by Sylvester, and given to them some days before they executed it; that they executed it when Sylvester was not present, and afterwards delivered it to him, and the defendant testified that Sylvester told him, when he delivered the deed, that all he was making out of it was some life insurance.

The presiding judge ruled, that if the defendant was a stranger to the transaction between the plaintiff and Sylvester, he was not bound by it, and all that could be recovered of him was either the fair market value of the land at the time of the sale, or the consideration actually received by him, as the plaintiff might elect. It was admitted that the consideration received by the defendant was the fair market value of the land. A verdict was rendered for the plaintiff for the amount of $28, being the amount received, with interest; the mortgage having been surrendered by the defendant, and accepted by the plaintiff. The plaintiff alleged exceptions.

*T. S. Harlow*, for the plaintiff.

*S. J. Thomas*, for the defendant.

WELLS, J. The defendant was a stranger to the consideration agreed on between the plaintiff and Sylvester, except as to that part of it which he received upon the subsequent execution and delivery of the deed. To the extent of what he actually received, the plaintiff doubtless might hold him liable upon his covenant of seisin and title. But otherwise, the measure of his

liability would be the actual value of the land at the time of the conveyance. *Smith* v. *Strong*, 14 Pick. 128. *Byrnes* v. *Rich*, 5 Gray, 518. *Hodges* v. *Thayer*, 110 Mass. 286.

The plaintiff has no ground to complain of the rulings at the trial. *Exceptions overruled.*