FRANK B. JENKS, Respondent, *v.* THOMAS QUINN, Appellant.

J. & D., who were owners as tenants in common of a farm, divided the land, and each executed to the other a deed of his portion. The deed executed by D. contained a covenant on his part to pay a mortgage then upon the whole farm and to save J. harmless therefrom. Both deeds were recorded. J. conveyed his portion to defendant who conveyed it to W. by deed containing the usual covenants of quiet enjoyment and warranty. W. conveyed to plaintiff who went into possession. In proceedings by statute to foreclose the mortgage, the land conveyed to plaintiff alone was sold and conveyed. Plaintiff on demand of the purchaser surrendered possession, and the latter thereupon executed a lease to plaintiff's mother and wife. In an action upon the covenants in defendant's deed it appeared that defendant had the usual statutory notice of the sale, and that prior thereto his grantee notified him of the foreclosure and proposed sale, and requested him to be present and protect the title to said land. Plaintiff and his grantor were present at the sale, but made no objection thereto, and did not notify the mortgagees that the land so conveyed to D. was primarily charged with the payment of the mortgage. Said grantor had knowledge of all the facts, but it did not appear that plaintiff had actual knowledge at that time of D.'s covenant. *Held*, that a breach of defendant's covenant was established, for which he was properly held liable; that the foreclosure sale was not vitiated or affected by the fact that the other parcel was primarily charged and should have been first sold ; that plaintiff was not chargeable with constructive notice from the record of D.'s deed of the covenant therein, and so was not estopped from maintaining the action by reason of his silence at the sale in regard thereto.

Also *held*, that defendant's covenant became annexed to and passed with the land; and that even if the deed to plaintiff was a mere quit claim, it was sufficient to transfer to him the benefits of said covenant.

A person may not be charged with an omission to perform a duty which he owes to another, to save the latter from unnecessary loss, unless he has actual knowledge of the facts out of which the duty springs.

Reported below, 61 Hun, 427.

(Argued January 20, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 10, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. P. Smith,* for appellant. No recovery can be had under the evidence and the findings of the court. (*Russell* v. *Pistor,* 3 Seld. 171; *Rindskopt* v. *F. L. & T. Co.,* 58 Barb. 36; *Kelly* v. *D. Church,* 2 Hill, 105; *Thompson* v. *Blanchard,* 4 Comst. 303.) The sale was void because the property was not sold in the inverse order of alienation. (*Willing* v. *Ryerson,* 94 N. Y. 98; *Gill* v. *Lyon,* 1 Johns. Ch. 447; *Russell* v. *Pistor,* 3 Seld. 171; *Halsey* v. *Reid,* 9 Paige, 446; *Marsh* v. *Pike,* 10 id. 595; *Cornell* v. *Prescott,* 2 Barb. 16; *Blyer* v. *Monholland,* 2 Sand. Ch. 478; *Bernhardt* v. *Lymburner,* 85 N. Y. 172; *Thomas* v. *M. M. Co.,* 43 Hun, 487; *Crafts* v. *Aspinwall,* 2 N. Y. 289; *Ferris* v. *Crawford,* 2 Den. 687; *Thompson* v. *Comrs.,* 79 N. Y. 54; *Sherwood* v. *Reed,* 7 Hill, 431; *Sherman* v. *Dodge,* 6 Johns. Ch. 107; *Rogers* v. *Murray,* 3 Paige, 389.) If this court should hold that the plaintiff can recover, he can only recover the amount of the loan mortgage. (*Winslow* v. *McCall,* 32 Barb. 241; *Tufts* v. *Adams,* 8 Pick. 547; *White* v. *Whitney,* 3 Metc. 81; *Donahoe* v. *Emory,* 9 id. 63; *Thomas* v. *Bartow,* 48 N. Y. 193.) This judgment cannot be sustained, because this action is not brought by the defendant's grantee, William S. Jenks, but by the grantee of such grantee, F. B. Jenks. (*Williams* v. *Beeman,* 2 Dev. 483; *Mette* v. *Dow,* 9 Lea. 93; *Crisfield* v. *Storr,* 36 Md. 129; *Moore* v. *Frankenfield,* 25 Minn. 540.)

*W. C. Crombie* for respondent. The motion for nonsuit at the close of the evidence was properly denied. (*Wilcox* v. *Campbell,* 106 N. Y. 328; *Mead* v. *Stockpole,* 40 Hun, 476.) The eviction was properly and fully proven, constituting a breach of the warranty. (*Mead* v. *Stockpole,* 40 Hun, 473.) The agreement was a valid one for the defendant to pay the mortgage, for by the provisions of section 30 of the act in reference to the United States deposit fund the title of Quinn's grantors and of himself to the premises had at the

time of this agreement with Wm. S. Jenks, by reason of the statute, become vested absolutely in the commissioners in trust, only to be regained by the payment which Quinn agreed to make. (Laws of 1837, chap. 150, § 30; *Fellows* v. *Comrs.*, 36 Barb. 661; *Thompson* v. *Comrs.*, 79 N. Y. 59; 16 Hun, 86; *Pell* v. *Ulmer*, 18 N. Y. 139.) As to the measure of damages adopted by the court in this case, it would seem that a proper rule has been followed. (*Wilcox* v. *Campbell*, 106 N. Y. 325; *Taylor* v. *Barnes*, 69 id. 430; *Pitcher* v. *Livingston*, 4 Johns. 1; *Rea* v. *Minkler*, 5 Lans. 196; *Bennett* v. *Jenkins*, 13 Johns. 50; *Stauts* v. *Ten Eyck*, 3 Caines, 111; *Boreel* v. *Lawton*, 90 N. Y. 296, 297; *Shattuck* v. *Lamb*, 65 id. 504; *Curtis* v. *Bush*, 90 Barb. 664.) The exception made and filed by the defendant to the findings of fact by the court, and the refusal to find facts, are not well taken, for the reason that an exception does not lie to a ruling upon a question of fact. (Code Civ. Pro. §§ 992, 993, 1346; *Porter* v. *Smith*, 35 Hun, 118.) The reception of the certified copy of the loan mortgage and affidavits was not error. (Code Civ. Pro. § 2398.) The evidence offered to show the eviction of the plaintiff from the premises was properly received. (*Mead* v. *Stockpole*, 40 Hun, 475.)

O'BRIEN, J. The judgment from which this appeal was taken was recovered by the plaintiff as his damages for breach of a covenant of quiet enjoyment in a warranty deed. On the 2d day of October, 1871, John and Daniel Curtin were the owners, as tenants in common, of a farm in Cortland county, described as containing one hundred and thirty-seven acres and seventy-seven and a half rods of land. This land was encumbered by a mortgage of $496, to the loan commissioners of the county given by a former owner June 20, 1837, and which the Curtins had, upon the purchase of the land, assumed and agreed to pay. On that day they severed the joint ownership and divided the land. John received from Daniel a deed of that portion of the land which was situated west of a certain road containing fifty-six and a

half acres. In this deed Daniel covenanted as follows : " and the party of the first part herein covenants and agrees to save the party of the second part harmless from, and pay off and liquidate a certain loan mortgage of four hundred and ninety-six dollars upon the premises herein described." At the same date John conveyed to Daniel the remainder of the parcel described as containing seventy-nine acres. The effect of these conveyances was to make Daniel not only personally bound for the payment of the mortgage, but to charge his part of the land primarily as the security. Both deeds were recorded on December 11, 1871. On the same day there was recorded a deed from John Curtin to the defendant Thomas Quinn which was dated on the eighth of December. The defendant by the conveyance became the owner of the fifty-six and a half acres that had been assigned to John and as between him and the owner of the other parcel, which had been conveyed to Daniel, the latter was primarily liable for the payment of the mortgage. On the 8th of March, 1873, the defendant by deed containing the usual covenant of quiet enjoyment and warranty conveyed his parcel to William T. Jenks. The consideration expressed in this deed is $2,200, and the grantee was to assume and pay a junior mortgage of about $1,400 which had been executed by the Curtins when they owned the whole parcel together. On the 4th day of February, 1881, William T. Jenks and wife conveyed the land to the plaintiff, who is their son, and the grantee went into possession. This deed does not appear in the case and there is no finding as to its form or the particular consideration paid, if any. In the meantime and at the date of the transactions which will be presently referred to, the title to the other parcel of seventy-nine acres, that had been conveyed to Daniel Curtin, became, through *mesne* conveyances, vested in one William D. Hunt. On November 1, 1887, the loan commissioners began a statutory foreclosure of their mortgage, and on the 7th of February 1888, the fifty-six and a half acres conveyed to the plai by his father were sold and conveyed to the purchaser, by perfection of the foreclosure proceedings, for about $6(

The plaintiff upon the demand of the purchaser surrendered possession to him, and the purchaser then leased the premises to the plaintiff's mother and the wife of his immediate grantor, and in this way an eviction is made out. Both the plaintiff and his father were present at the sale, under the mortgage foreclosure, and neither of them made any objection to the sale, or gave the commissioners any information as to the facts above stated, or that the land of Hunt was primarily charged with the payment of the mortgage. The commissioners evidently wanted to proceed fairly and had no purpose or motive to sell the plaintiff's land improperly, but it seems that in consequence of some mistake in the search procured from the clerk's office, they supposed that the fifty-six and a half acres, instead of the seventy-nine acre parcel, was primarily charged with the payment of the mortgage, whereas the reverse was the true state of the case. It is found as a fact that the plaintiff's father and grantor who was present with him at the sale had knowledge of all the facts, but it does not appear that the plaintiff himself had any knowledge, except such as he is legally chargeable with from the record of the deed, which contained the covenant of Daniel Curtin. The trial court has found that the plaintiff's land was sold under the mortgage at the request of William D. Hunt, the then owner of the Daniel Curtin parcel, and in order to save his own farm from sale on the foreclosure, which was more than sufficient in value to satisfy the mortgage. The defendant not only had the usual statutory notice of the sale, but it is found that prior to the sale the plaintiff's grantor, to whom the defendant's covenant directly ran, notified him personally of the foreclosure and proposed sale, and requested him to be present at the sale and protect the title of this land, and that the defendant promised to do so, but he was not present at the sale, the evidence tending to show that it was by reason of sickness. This constitutes the breach of the covenant of defendant's deed, for which the judgment was recovered, and the damages were based upon proof of the value of the land at the time of the foreclosure

sale, and did not exceed the consideration in the deed containing the covenant.   It also appears from the findings that since the deed of the seventy-nine acres to Daniel Curtin, he and his grantees paid the interest on the mortgage, and no part of it was paid by the grantees of the other parcel.   While the judgment under review has some badges of suspicion, and it is difficult to resist the conclusion that it may have been the result of bad faith or some adroit management on the part of the plaintiff and his father, in co-operation with Hunt, and that it is morally unjust, notwithstanding the notice to the defendant, yet the appeal cannot be sustained on any of the grounds discussed at the argument or presented by the briefs submitted.   Equity would doubtless have required the sale of the land first that was primarily chargeable with the payment of the mortgage, and it would have been sold had the commissioners been aware that it was so liable.   Even after the sale, the defendant and the plaintiff could have applied to the court, in a proper action for relief against it, and, no doubt, upon the facts before us, the sale would have been set aside. But as no remedy of this kind was sought, it cannot be held that the sale was void, for the reason that the other parcel should have been sold first.   As to the holders of the mortgage, it was still a lien on all the land, and an omission to sell in the inverse order of alienation was not such an irregularity as affected the jurisdiction or vitiated the title.   Nor do we think that the plaintiff is estopped from maintaining the action by reason of his silence at the sale.   An eviction brought about by collusion would not sustain the action for breach of covenant.   · Nor could the plaintiff recover any damages which could have been prevented or avoided by reasonable diligence on his part, and he owed a duty to the defendant to so conduct himself as to make the damages as little as possible. Whatever the fact may be, it is not found that the plaintiff had any actual knowlege of the covenant in the deed from Daniel Curtin, or its legal effect.   If he had, then his silence at the sale and his omission to object, or to request the sale of the other parcel, would present a serious, if not an insurmount-

able, obstacle to his recovery. (*Hamilton* v. *McPherson*, 28 N. Y. 72 ; *Thomas* v. *Bartow*, 48 id. 193.)

But, in reason and justice, a person cannot be charged with an omission to perform a duty which he may owe to his neighbor to save him from unnecessary loss unless he has actual knowledge of the facts out of which the duty springs. It must be assumed for the purposes of this question that the plaintiff was ignorant of these facts. Constructive notice from the record of the deed was not, I think, sufficient to impose upon him the active duty of preventing a result which subjected the defendant to a responsibility that did not belong to him, but to another. The general language used by the courts in numerous cases as to the effect to be given to the record of a deed is perhaps broad enough to include this case. There is no doubt that a party is chargeable with knowledge of the facts disclosed by a deed, which is part of his chain of title, but that rule must be understood and interpreted with reference to the facts of the case where it is to be found. As to everything that charges the land or affects his title that is true, but the rule does not apply to a case like this, where it is sought to charge a party with knowledge of a lien on his neighbor's land. Here the plaintiff is to be charged, if at all, with the consequences of omitting to act upon certain facts and to communicate them to the loan commissioners, because the legal evidence of such facts could be found in a deed executed and recorded nearly twenty years before and to which he was not a party and as to the contents of which he was in truth, as we must assume, wholly ignorant. Such a principle would be evidently contrary to reason, and I am not aware of any authority that sanctions it, and there is, I think, recent authority to the contrary. (*Collier* v. *Miller*, Feby., 1893.)*
The defendant's covenant did not run directly to the plaintiff, but to his grantor. Neither the findings nor the evidence disclose anything as to the form of the conveyance to the plaintiff. It does not appear that it contained any covenants or that his father, his immediate grantor, would have been

---

\* See *post*, page 332.

liable to him upon the eviction. But the defendant's covenant became annexed to and passed with the land, and it doubtless is the law that though the plaintiff's deed from his father was a mere quit claim, it was sufficient to transfer to him the benefits of the covenant upon which he recovered. (*Hunt* v. *Amidon*, 4 Hill, 345; *Beddoe's Exrs.* v. *Wadsworth*, 21 Wend. 120; *Jackson, etc.*, v. *Groat*, 7 Cowen, 285.)

We are thus constrained by the record to affirm a judgment that seems to be unjust and which we have carefully examined with a view to secure relief for a party who is subjected to large damages by reason of events which, there is reason to believe, have not occurred in the natural order of things. The defendant, however, does not seem to be entirely free from blame in not attempting to protect himself at or before the sale and by neglecting to move after the sale to open it. It may be that he is not without some remedy against others. The covenant of Daniel Curtin to pay the mortgage charged him and his land with its payment. If the same obligation devolved upon his grantee and the benefit of it passed to the defendant, then these grantees may be liable to him upon the facts adjudged. (*Wilcox* v. *Campbell*, 106 N. Y. 325.) These, however, are not questions now properly before us, though they are naturally suggested by an examination of the case.

The judgment must be affirmed.

All concur, except Gray and Maynard, JJ., dissenting.

Judgment affirmed.