## HUNT v. HAY.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. COVENANTS (§ 130*)—WARRANTY OF TITLE—BREACH—DAMAGES.

   As between vendor and vendee, the measure of the vendee's damages for breach of a warranty of title, in the absence of bad faith, is the amount of the consideration received by the vendor, with interest thereon for not exceeding six years; the vendor being liable for the value of the land at the time of the conveyance, which is conclusively presumed to be the amount of the consideration agreed to be paid him.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255–257; Dec. Dig. § 130.*]

2. COVENANTS (§ 130*) — WARRANTY OF TITLE — CONVEYANCE BY REMOTE GRANTOR.

   Defendant contracted to sell a land company 3,200 acres of land in Colorado for $3,200, and to convey any portion thereof, by warranty deed, to the person designated by the land company, on receiving the corresponding portion of the selling price. The land company sold to plaintiff 320 acres of the land for $1,280, which plaintiff paid to it, and on defendant receiving from the land company $320 he executed a warranty deed of the land direct to plaintiff, reciting that it was given in consideration of $1 and other valuable considerations in hand paid. Held, that for breach of defendant's warranty contained in such deed the measure of plaintiff's damages was the amount defendant received from the land company, with interest, and not the amount that plaintiff paid such company for the land.

   [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255–257; Dec. Dig. § 130.*]

   Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Joseph H. Hunt against Henry G. Hay. From a judgment for plaintiff for less than the relief demanded, he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nelson Zabriskie, of New York City, for appellant.
Kenneth B. Halstead, of New York City, for respondent.

McLAUGHLIN, J. On the 8th of April, 1905, the defendant, claiming to be the owner of 20 quarter sections of land located in the state of Colorado, entered into a contract, under seal, with the Empire Land Company of Iowa, which recited that he had sold and agreed to convey to it all of the said land, comprising about 3,200 acres, in con-

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sideration of $3,200, to be paid at certain specified times. The contract further provided that if the company should sell any portion of the land the defendant, at its request, would convey the same by warranty deed to the person designated, provided the corresponding portion of defendant's selling price had been paid to him.

On October 20, 1905, plaintiff entered into a contract, in writing, with the Empire Land Company to purchase from it two of the quarter sections, comprising approximately 320 acres, for $1,280, and the company agreed, upon the payment of the full purchase price, to execute and deliver to the plaintiff a deed of the premises, with the usual covenants of warranty. Plaintiff thereafter paid the full consideration in accordance with his contract, and in March, 1907, the defendant and his wife (who has since died), at the request of the land company, executed and delivered to him two deeds; each purporting to convey one quarter section. The deeds recited that they were given in consideration of "one dollar and other valuable considerations in hand paid," and contained the following covenant:

"And we do hereby covenant with the said Joseph H. Hunt and his heirs and assigns that we are lawfully seised of said premises; that they are free from incumbrances; that we have good right and lawful authority to sell the same; and we do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever."

In February, 1909, a third party commenced a proceeding in Colorado to register the title to the property in his own name under a Colorado statute similar to the Torrens Law of this state, and it was therein adjudicated that the petitioner had title to the two quarter sections superior and paramount to that of the defendant and those claiming under him. Defendant in this action was, by substituted service, made a party to that proceeding, but he failed to defend his title. The present action is brought upon the covenant, above quoted, to recover the damages alleged to have been sustained by the plaintiff by reason of the breach thereof. At the conclusion of the trial both sides moved for the direction of a verdict; the plaintiff for a verdict in his favor for $1,280, the amount paid to the land company, together with interest thereon, amounting in all to $1,740.80, and the defendant for a dismissal of the complaint. The trial court held that the proof established a breach of the covenant of warranty, and the plaintiff was entitled to recover, as damages, by reason thereof, not the amount which the plaintiff paid to the land company, but the amount which was paid by the land company to the defendant, $320, together with $100.80 interest, making in all $420.80. Plaintiff excepted to the ruling, and appeals from the judgment entered thereon and an order denying a motion for a new trial.

[1] The rule seems to be well settled, in this state at least, that, as between vendor and vendee of real property, the measure of damages for the breach of a warranty of title is, in the absence of bad faith, the amount of the consideration received by the grantor, together with interest thereon, not exceeding six years; in other words, if such warranty be broken, the vendor becomes liable for the value

of the land at the time of the conveyance, which is conclusively presumed to be the amount of the consideration agreed to be paid to him. Kinney v. Watts, 14 Wend. 38; Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506; Cockroft v. N. Y. & H. R. R. Co., 69 N. Y. 201; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115; Jacobs v. Schulte, 153 App. Div. 693, 138 N. Y. Supp. 768; Hunt v. Raplee, 44 Hun, 149; Kelly v. Dutch Church, 2 Hill, 105.

[2] In the present case, however, there was no actual consideration passing between the parties to the conveyance. The amount paid by the plaintiff to the land company was not the amount received by the defendant. Notwithstanding this fact, the plaintiff claims that the measure of defendant's liability should be taken as the sum which the plaintiff actually paid to the land company, and not what it paid to the defendant.

The situation, as it seems to me, is analogous to one where a remote grantee sues a predecessor in title upon a covenant of this character. Covenants of warranty of title run with the land, and the maker may be sued by a subsequent grantee, who has been injured by the breach thereof. Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659; Beddoe's Ex'r v. Wadsworth, 21 Wend. 120. In such case the measure of damages, not including interest, is the value of the land at the time of the defendant's conveyance, which is conclusively presumed to be the actual consideration received by him. Jenks v. Quinn, 61 Hun, 427, 16 N. Y. Supp. 240, affirmed 137 N. Y. 223, 33 N. E. 376; Petrie v. Folz, 54 N. Y. Super. Ct. 223; Crisfield v. Storr, 36 Md. 129, 11 Am. Rep. 480; see, also, 8 Am. & Eng. Enc. of Law (2d Ed.) 190, and authorities cited. So that no matter how much the subsequent grantee may have paid for the property, he is limited in his recovery, in an action against a remote grantor, to the consideration received by the latter. It is true in the present case the deed and warranty run directly from the defendant to the plaintiff, but this does not seem to me to change the situation. The equitable title had, at the time of the conveyance, passed from the defendant to the land company, and from the latter to the plaintiff. Defendant received his consideration from the land company, and the latter received it from the plaintiff. The plaintiff, under his contract with the land company, could have obtained a deed from it, if he so desired, and in that case, for a breach of the covenant of warranty, could have recovered the full consideration paid. He did not do this, but instead consented to accept a conveyance from the defendant. The minds of the parties to the conveyance had never met upon any consideration, except the sum of "one dollar and other valuable consideration in hand paid," which could not exceed the amount which the defendant had actually received from the land company.

After a careful search I have been unable to find any authority in this state bearing directly upon the subject, but this conclusion seems to me to be right in principle and in harmony with the authorities cited.

There is, however, one authority in Michigan which seems to be directly in point, Cook v. Curtis, 68 Mich. 611, 36 N. W. 692. In that case Morse, J., who delivered the opinion said:

"It appears from the evidence that the consideration of the deed did not move directly from Cook to Curtis. The lots were sold by Curtis to one Cressy, who traded them to Cook for other property. By an agreement between the three, Curtis deeded direct to Cook. The property that Cook let Cressy have was called $800, and that was called the amount of the consideration, and was so recited in the deed from Curtis to Cook. * * * The consideration to be recovered of the defendant was what he received for the land, not what plaintiff may have paid Cressy. The recital in the deed of the amount of the consideration was not conclusive upon the defendant. He was at liberty to show that, in fact, he received a less sum."

See, also, Staples v. Dean, 114 Mass. 125; Bowne v. Wolcott, 1 N. D. 497, 48 N. W. 426; Sedgwick on Damages, § 961.

The trial court awarded the plaintiff the amount which the defendant received from the land company, together with interest thereon, and I think this was the proper measure of damage, and all he was entitled to recover.

It follows, therefore, that the judgment and order appealed from should be affirmed, with costs.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. I dissent. As I read the authorities in this state, the measure of damages for the breach of a covenant of warranty is the actual consideration paid by the covenantee, with an allowance for the loss of mesne profits from the date of eviction. Sweet v. Howell, 96 App. Div. 45, 89 N. Y. Supp. 21; Jenks v. Quinn, 61 Hun, 434, 16 N. Y. Supp. 240; Brown v. Allen, 73 Hun, 291, 26 N. Y. Supp. 299, and cases therein cited. It is true that in some opinions the amount to be received is spoken of as the consideration received by the covenantor, but in each one of those cases it will be found that there was no question as to the amount which passed between the parties, and that the amount received by the covenantor was identical with that paid by the covenantee; so that these cases are not really exceptions to the general rule, and upon consideration it seems to be quite reasonable and logical that the damages should be measured by the amount paid, on the faith of the covenant, by the covenantee, for he is the party aggrieved, and it is the damage to him that is sought to be repaired.

It would be deemed quite unreasonable in the case of a breach of any other contract to reduce the recovery of the innocent party below his real damage, because the party guilty of the breach did not realize as much from the failure to perform the contract as he might have done. Especially is it unreasonable in the present case so to reduce the plaintiff's recovery, because he was no party to the agreement between defendant and the land company, and had no knowledge of it until long after he took the deed. In this respect the principal case differs materially from Cook v. Curtis, 68 Mich. 611, 36 N. W. 692, because there the deed was given direct from Curtis to Cook, by agreement between Cook, Curtis, and Cressy, the three parties in-

volved in the deal; and even under these circumstances all the court decided was that the covenantor was entitled to show the real value of the consideration which passed from Cook, the covenantee (which was real estate), and was not bound by the valuation placed thereon in the deed. So in Staples v. Dean, 114 Mass. 125, the ruling was that the measure of damages was the value of the land at the time of the conveyance, unless *the plaintiff should elect* to recover what the covenantor received.

In my opinion, the true rule, and the one supported by reason and the weight of authority, where the covenantee is not allowed to prove his actual loss, is that he shall recover back what he has paid. The defendant has not appealed, and cannot be heard to question the recovery of some damages by the plaintiff. If the latter is entitled to any, it seems to me that it is quite clear that he is entitled to recover what he paid for the property, with interest from the date of the deed, since he never acquired possession. This is in no respect inconsistent with the rule that one suing a remote covenantor can recover only what was paid to that covenantor, because in such a case the plaintiff recovers, not upon his own covenant, but upon a covenant made to his predecessor in title, and, of course, can recover only what was paid as consideration for that covenant.