(159 App. Div. 522)

### CAMPBELL v. BENTLEY.

(Supreme Court, Appellate Division, Fourth Department. December 23, 1913.)

COVENANTS (§ 128*)—BREACH—DAMAGES—COVENANTS FOR QUIET ENJOYMENT.

The measure of damages for a breach of a covenant for quiet enjoyment contained in a deed is the value of the land at the time of the conveyance, which is conclusively presumed to be the actual consideration paid therefor, with interest, and the costs in ejectment, and the covenantee cannot recover damages for improvements by him nor for the increased value of the land.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 243, 255, 256; Dec. Dig. § 128.*]

Appeal from Trial Term, Monroe County.

Action by Edward C. Campbell against Sardius D. Bentley. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cogswell Bentley, of Rochester, for appellant.
William De Graff, of Rochester, for respondent.

KRUSE, P. J.  The action is for breach of a covenant for quiet enjoyment, contained in a conveyance from defendant to plaintiff's predecessor in title, of certain premises situate in the city of Rochester, and the question presented by this appeal relates to the measure of damages.

The covenant reads as follows:

"And the said Sardius D. Bentley, party of the first part, does hereby covenant and agree to and with the said party of the second part, his heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, he will forever warrant and defend, against any person whomsoever lawfully claiming the same, or any part thereof."

At the time of the execution and delivery of the deed, the premises were incumbered by a mortgage which covered other premises.  An action was subsequently brought to foreclose same, and the plaintiff was made a party defendant to that action.  The history of that suit need not be stated.  It is sufficient to say that it was not contested by or for the plaintiff, although plaintiff seasonably requested defendant to defend the same.  A judgment of foreclosure and sale was directed, and upon the sale the plaintiff bid in his premises for the sum of $2,-200, of which the referee who sold the premises pursuant to the judgment retained $63.87 for his fees and expenses of sale and paid to the defendant herein, who was the plaintiff's attorney in the foreclosure action, for his costs and disbursements, the sum of $431.20 and to the plaintiff in the foreclosure action to apply in payment of the mortgage debt the sum of $710.87, amounting in all to $1,265.64, and paid the balance into court, which is claimed by the plaintiff in this action.

Judgment was directed in this action against the defendant for the sum of $1,205.64, with interest from October 1, 1910, the date of the foreclosure sale.  The defendant claims that the amount for which judgment was directed against him exceeds the actual consideration for the conveyance made by him and offered proof to sustain that claim, but it was excluded.  The plaintiff contends that he is entitled to full indemnity, while the defendant contends that the measure of damages for the breach of the covenant is, in the absence of bad faith, the value of the land at the date of the deed, or the purchase money paid for it, with interest and costs of suit.

The question was early under consideration by the courts of this state (Staats v. Executors of Ten Eyck, 3 Caines, 111, 2 Am. Dec. 254; Pitcher v. Livingston, 4 John. 1, 4 Am. Dec. 229), and the rule settled as stated in the headnote to the case last above cited, as follows:

"In an action for breach of the covenant of seisin and for quiet enjoyment in a deed, the plaintiff can recover only the consideration money paid, with interest, and the costs in ejectment.  He cannot recover damages for the improvements he has made, nor for the increased value of the land."

I think the courts of this state have uniformly held to that rule. Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506; Hymes v. Esty, 133

N. Y. 342, 347, 31 N. E. 105; Hunt v. Hay, 156 App. Div. 138, 141, 140 N. Y. Supp. 1070. Under the Massachusetts rule, a covenant for quiet enjoyment and warranty is treated as one of indemnity, and the value of the land at the time of eviction is taken in measuring the damages. That rule was early adopted in Massachusetts and some other New England states, but was never adopted in this state. Here, the value of the land at the time of the conveyance is taken, and the actual consideration received therefor is conclusively presumed to be the value of the land at that time. Tiedeman, Real Property, § 625; 3 Sedgwick on Damages (8th Ed.) §§ 951–985, and cases above cited.

The difference between a covenant against incumbrances and one for quiet enjoyment is pointed out in the case of Utica, Chenango & S. V. R. R. Co. v. Gates, 8 App. Div. 181, 40 N. Y. Supp. 316. It is there said:

"One of the controlling reasons which influenced the adoption of the existing rule in actions on covenants for quiet enjoyment was that it was a covenant running with the land, and that it could not be presumed that the grantor intended to covenant to pay for expensive improvements or for advances in value, of the extent of which he could make no calculation, and for which he received no consideration, and when that payment, in the years to come, might suddenly overwhelm him, or his descendants, in unexpected ruin. It is to be noticed that, in a covenant against incumbrances, the grantor is not contracting under any such uncertainty. He knows, particularly if he has, as in this case, himself created it, the exact amount of the incumbrance and the utmost extent of the liability he incurs; and, when he enters into a personal covenant to indemnify the grantee against such incumbrances, there is no reason apparent why he should not be held to the performance of his obligation."

I think an incorrect rule of damages was applied, and that the defendant should have been permitted to give proof of the actual consideration for the conveyance made by him.

I think the other questions were correctly decided.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.