JOSEPH H. HUNT, Appellant, v. HENRY G. HAY, Respondent.

Process — real property — action to recover for breach of warranty of title — service of summons by publication.

1. Service of a summons by publication in an action relating to the title to real property within the jurisdiction of the court, when made in accordance with reasonable statutory regulations, is legal.

2. If a covenantee is kept out by means of a superior title, this is equivalent to an eviction and gives effect to the covenant, and where there is a complete breach of a covenant of warranty on the sale of real property the damage is the value of the property at the time of the covenant.

3. Defendant agreed to sell certain lands to a corporation and stipulated that he would convey the same to any party that might be designated thereby. In pursuance of this agreement defendant executed two such conveyances with full covenant to plaintiff as purchaser from the corporation. Thereafter, in an action brought under the Torrens Act in the state of Colorado where the lands were situated, in which defendant was served by publication, and of which action plaintiff had no actual knowledge, title to the land was decreed to be in a third party. Plaintiff brings this action to recover on the breaches of covenants of warranty in the conveyances. *Held*, that he is entitled to recover from defendant under his direct covenant the price paid for the property on the faith of that covenant.

*Hunt* v. *Hay*, 156 App. Div. 138, modified.

(Argued March 10, 1915; decided April 20, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 9, 1913, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nelson Zabriskie* for appellant. The court erred in fixing the measure of damages at one dollar per acre, the

amount received by defendant from the land company, instead of four dollars per acre, which was the amount paid by plaintiff to said land company. (*Sweet* v. *Howell*, 96 App. Div. 45; *McClure* v. *McClure*, 65 Ind. 482; *Bloom* v. *Wolfe*, 50 Iowa, 286; *Barnett* v. *Hughey*, 54 Ark. 195; *Rash* v. *Jeune*, 26 Oreg. 169; *Graham* v. *Leslie*, 4 Upper Canada C. P. Rep. 176; *Graves* v. *Mattingly*, 6 Bush [Ky.], 361; Rawle on Cov. for Title [5th ed.], 247; 8 Am. & Eng. Ency. of Law [2d ed.], 189; *Jenks* v. *Quinn*, 61 Hun, 427.) Plaintiff became evicted by the final decree in favor of Chalkley A. Wilson. (Maupin on Marketable Title [2d ed.], § 147; *Allis* v. *Nininger*, 25 Minn. 525.) Defendant had legal, if not actual, notice of the proceedings instituted by Chalkley A. Wilson. (*American Land Co.* v. *Zeiss*, 219 U. S. 47.)

*Kenneth B. Halstead* and *Raynal C. Bolling* for respondent. The trial judge adopted the correct measure of damages. (*Jenks* v. *Quinn*, 61 Hun, 427; 137 N. Y. 223; *Taylor* v. *Wallace*, 20 Col. 211; *Cook* v. *Curtis*, 68 Mich. 611; *Bowne* v. *Wolcott*, 1 N. D. 497; *Staples* v. *Dean*, 114 Mass. 125; *Smith* v. *Strong*, 14 Pick. 128; *Byrnes* v. *Rich*, 5 Gray, 518; *Hodges* v. *Thayer*, 110 Mass. 286; *Rash* v. *Jeune*, 26 Oreg. 169; *Bingham* v. *Weiderwax*, 1 N. Y. 509; *McClure* v. *McClure*, 65 Ind. 482; *Kinney* v. *Watts*, 14 Wend. 38.) There is no evidence to sustain a finding that plaintiff was evicted by title paramount to that conveyed to him by defendant. (*Crisfield* v. *Storr*, 36 Md. 129; *Stephen* v. *Pattie*, 3 Bibb [Ky.], 117; *Thielen* v. *Richardson*, 35 Minn. 509; *Pitkin* v. *Leavitt*, 13 Vt. 379; *Austin* v. *King*, 25 Col. App. 363; *Tyler* v. *Judges*, 175 Mass. 71; *Durant* v. *Abendroth*, 97 N. Y. 132.)

CHASE, J. This action is brought to recover on alleged breaches of covenants of warranty contained in two deeds, each given by the defendant and his wife to the plaintiff,

conveying lands in the state of Colorado.   The plaintiff recovered a judgment in the action but claims that he should, as a matter of law, have recovered a larger amount than was awarded to him.

The defendant, claiming to be the owner of 3,200 acres of land in the state of Colorado, on April 8, 1905, entered into a contract with the Empire Land Company, a corporation, to sell to it said land for $3,200 and the corporation covenanted to purchase said land and pay therefor as provided by the contract.

It was provided in said contract as follows: "The party of the first part (Hay) agrees that if the party of the second part (the corporation) shall at any time sell any part or all of the lands described herein that he will convey by warranty deed to any one that the party of the second part may designate as soon as the full purchase price and interest shall have been paid on any single quarter section or all of said land interest to cease on the sums so paid."

Before the corporation obtained title to the lands pursuant to the contract, and on the 20th day of October, 1905, it entered into a contract with the plaintiff by which the corporation agreed to sell and the plaintiff agreed to purchase 320 acres of the lands included in the contract between the defendant and the corporation and to pay therefor as provided by the contract $1,280.   The corporation agreed upon payment of the amount as provided in the contract to convey to the plaintiff the 320 acres in fee simple with the ordinary convenants of warranty.

On the 2d day of March, 1907, and also before the defendant had conveyed the real property to the corporation pursuant to his contract with it and in fulfillment of the contract by the corporation with the plaintiff, the defendant and his wife executed and delivered to the plaintiff two deeds each conveying 160 acres of land and together comprising the land described in the contract with the plaintiff.   In each of said deeds the considera-

tion was stated to be one dollar and other valuable considerations. Each of said conveyances contained a covenant as follows: "We do hereby covenant with the said Joseph H. Hunt and his heirs and assigns that we are lawfully seized of said premises; that they are free from encumbrances; that we have good right and lawful authority to sell the same; and we do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever."

The parties hereto are residents of this state and the deeds to the plaintiff were delivered in this state. The lands at all the times mentioned in the record were unoccupied. The plaintiff did not record his deeds, nor did he take actual possession of said lands.

It appears from the record that there were other claimants to said lands so conveyed to the plaintiff and that prior to the contract by the defendant with said corporation actions had been brought by the defendant against said claimants to quiet the title of the defendant herein to each of said pieces of land and decrees had been entered in his favor in said actions.

After said deeds to the plaintiff other actions were brought by a grantee of said claimants against the defendant to quiet the title to said lands in his favor and decrees were entered in said actions accordingly. Thereafter said grantee conveyed said lands to one Wilson, who brought another action under the so-called Torrens Act of Colorado, in which action the defendant was expressly named as a party defendant, and under the provisions of said act "all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the application" were also generally designated as defendants in the action and a decree was entered in said action registering the title to said real property under said act in the name of said Wilson.

The decree, after reciting the proceedings and adjudging Wilson the owner of the lands described in fee simple,

provides: "That the said land be brought under the provisions and operation of an act concerning land titles, being chapter 139 of the Session Laws of the state of Colorado for the year 1903 and all acts amendatory thereof, and that the title of said Chalkley A. Wilson to said land be confirmed and registered as provided in and by said act." Neither the defendant nor the plaintiff in this action had personal notice or actual knowledge of said action, but the defendant in this action was duly served in each of said actions by publication pursuant to the laws of the state of Colorado.

A service of a summons by publication in an action relating to the title to real property within the jurisdiction of the court when made in accordance with reasonable statutory regulations is legal. (*American Land Co.* v. *Zeiss*, 219 U. S. 47.)

Some time after such decrees were entered in the actions as stated and on March 7, 1910, the plaintiff sent his deeds to the clerk and recorder of the county in said state of Colorado in which the lands are situated for record, but said clerk and recorder refused to record the same. The plaintiff then for the first time had knowledge of the decree in the action under the Torrens Act, and he accepted the decree in that action as establishing a superior and paramount title to the lands antedating the conveyances made to him by the defendant.

On proof of the facts, a brief statement of which we have given, the trial court was asked by the plaintiff to direct judgment in his favor for $1,280 and interest from the day of the date of said deeds to him, and also by the defendant for a dismissal of the complaint. A judgment was directed for $320 and interest from the date of said deeds, and it is from such judgment that the appeal has been taken as stated.

Each of the parties stipulated that the court might direct the judgment in the action that it deem the law required, and they each thereby assented to the court

deciding any and every question of fact that was necessary in a decision of the action. (*Sigua Iron Co.* v. *Brown,* 171 N. Y. 488; *Westervelt* v. *Phelps,* 171 N. Y. 212; *Sheldon* v. *George,* 132 App. Div. 470.)

We think the evidence as shown by the record was sufficient on which to base a finding that the plaintiff never took actual possession of the land; was not guilty of laches in failing to record his deeds and the other necessary findings on which to direct judgment against the defendant for damages arising by reason of his failure to perform the covenants that we have quoted.

If the covenantee is kept out by means of a superior title, this is equivalent to an eviction and gives effect to the covenant. (*Shattuck* v. *Lamb,* 65 N. Y. 499.)

Where there is a complete breach of a covenant of warranty on the sale of real property the damage is the value of the real property at the time of the covenant. (Kent's Commentaries, vol. 4, 475; *Staats* v. *Executors of Ten Eyck,* 3 Caines, 111 f.; *Jenks* v. *Quinn,* 61 Hun, 427; *S. C.,* 137 N. Y. 223; *Baldwin* v. *Munn,* 2 Wend. 399.)

The value of the real property at the time of the covenant is conclusively presumed to be the consideration of the sale in connection with which the covenant was made. (Rawle on Covenants, 243; Sedgwick on Damages [9th ed.]; *Staats* v. *Executors of Ten Eyck, supra; Jenks* v. *Quinn, supra; Sweet* v. *Howell,* 96 App. Div. 45; *Baldwin* v. *Munn, supra.; Bennett* v. *Jenkins,* 13 Johns. 50; *Kelly* v. *Dutch Church of Schenectady,* 2 Hill, 105; *Brown* v. *Allen,* 73 Hun, 291; *Utica, C. & S. V. R. R. Co.* v. *Gates,* 8 App. Div. 181.)

The rules stated are arbitrary and arose from necessity. It is stated in one of the Year Books (6 Edw. II. 187): "To prevent an immoderate assessment of damages when no fraud had been practiced Justinian directed that the thing which was the object of the contract should never be valued at more than double its cost. * * * Rather than adhere to the rule of Justinian or leave the matter

to the opinion of a jury as to which may or may not be excessive some more certain standard should be fixed on. However inadequate a return of the purchase money must be in many cases it is the safest measure that can be followed as a general rule."

In this case the parties are in controversy, not over the rules stated, but over the question whether the plaintiff should recover of the defendant the amount paid by him for the conveyance which contained the covenant of warranty, or that part only of the amount paid by him therefor which was actually retained by the defendant, the covenantor, pursuant to his contract with the corporation.

In determining that question it is idle to scrutinize the exact language of the courts in referring to the consideration of conveyances, because the question now before us seems not to have been considered in this state and the courts have referred to such consideration indiscriminately as the "amount paid," the "amount received" and the "amount agreed upon."

Ordinarily the damages to be recovered on a warranty of title where the title has wholly failed would be such amount as the plaintiff could show that he had incurred. The amount in this case is confined, as we have seen, to the value of the property as shown by the consideration of the sale in connection with which the covenant was given. The plaintiff as the covenantee should recover of the defendant, the direct covenantor, the amount that he paid on the faith of the covenant. The true consideration for which the deed, including the covenants, was given was $1,280.

It also appears that Hay, the defendant, by his express agreement with the corporation made as a part of the contract of sale by him to it, agreed to execute deeds in case of a sale of any part of the real property by the corporation to such persons as it might designate, and in such deeds to give a covenant of warranty. In other

words, Hay, notwithstanding the contract to sell the lands to the corporation, agreed in his interest, it will be presumed, as well as in the interest of the corporation, to become the grantor and covenantor in conveyances in case of sales by the corporation. Confessedly, the amount of the consideration of the sale to the plaintiff was $1,280. The corporation did not give to the plaintiff a covenant of warranty in connection with the sale and in consideration of the payment of the purchase price. That covenant was given by Hay, the defendant, not as a matter of convenience only, but by reason of the express agreement with the corporation.

There is authority in other states for holding the defendant liable under his direct covenant. (*McClure* v. *McClure*, 65 Ind. 482; *Bloom* v. *Wolfe*, 50 Iowa, 286; *Barnett* v. *Hughey*, 54 Ark. 195; *Rash* v. *Jenne*, 26 Oregon, 169; *Graham* v. *Leslie*, 4 Upper Canada C. P. Reports, 176; *Graves* v. *Mattingly*, 6 Bush [Ky.], 361.)

The decisions in *Cook* v. *Curtis* (68 Mich. 611) and *Staples* v. *Dean* (114 Mass. 125) are distinguishable as shown by SCOTT, J., in his dissenting opinion in the court below.

The judgment should be modified by increasing the damages to $1,280 and interest thereon from March 2, 1907, and as so modified affirmed, with costs to the appellant in this court and in the Appellate Division.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, MILLER and SEABURY, JJ., concur.

Judgment accordingly.