Cropsey, J.
The plaintiffs are assignees from the purchaser under a contract for the sale of real property made by the defendants. The defendants were unable to make title for the reason that the property was incumbered by mortgages which were not known to the defendants to exist. A mortgage which the defendants had held on the property was foreclosed and through the error of the title company its search failed to show that the mortgages in question were subject to the one being foreclosed. The attorney, relying upon the search, did not make the holders of these mortgages parties. After the defendants had made this contract to sell and the existence of the mortgages was revealed the foreclosure action was reopened, the holders of the mortgages made parties, and the property resold. This time, however, it brought far more than the price for which the defendants had agreed to sell it, and it was bought in by a third party.
As the plaintiffs cannot have specific performance the only question in the case is as to the amount for which they should have a money judgment.
That the plaintiffs are entitled to recover the amount paid to the defendants on account of the contract, with *656 interest thereon, and the expenses of the search, is undisputed. Northridge v. Moore, 118 N. Y. 419; Walton v. Meeks, 120 id. 79; Matter of Strasburger, 132 id. 128, 132. Whether a purchaser is also entitled to damages depends upon whether the seller acted in good faith and was not guilty of fraud. If he refused arbitrarily to perform or knowingly contracted beyond his power or has been guilty of fraud or bad faith the purchaser may recover his damages in addition. Pumpelly v. Phelps, 40 N. Y. 59, 66, 67; Cockcroft v. New York & H. R. R. Co., 69 id. 201, 204; Marsh v. Johnston, 125 App. Div. 597. Upon the record in this case it must be found that the defendants acted in entire good faith and that there was no fraud and that their failure to perform was not due to any fault on their part. Hence the plaintiffs cannot recover any damages.
But the plaintiffs paid to the original purchaser as a consideration for the assignment of the contract $500 more than the purchase price and they claim they are entitled to recover this sum even though damages be denied them. If the plaintiffs were entitled to damages this sum would be a part of them, for the damages would be the difference between the contract price and the value of the property. And while this sum of $500 would not represent an actual profit to the plaintiffs it would represent a part of the profit on the contract if the value of the property exceeded the contract price by that or a greater sum. Had the original purchaser sued the defendants of course this sum could not have been recovered. And this would be true even though he could have established that he could have sold his contract at a profit of $500. On what theory can the plaintiffs recover what their assignor could not? The defendants made no agreement with the plaintiffs. They are under no different liability to *657 them than to the orignal purchaser. The contract by its terms does permit of its assignment, but it does not follow that the defendants are liable for any greater sum because of this. There is no agreement to that effect. There is nothing to show that it was within the “contemplation of the parties ” that the sellers should be liable for any sum that might be paid upon the sale of the contract. And it is upon that ground that the expenses of the search are held to be recoverable. Northridge v. Moore, 118 N. Y. 419, 423.
The rule of damages in these cases of breach of contract to sell real property is an anomaly in the law. It differs from the general rule applicable to contracts for the sale of goods. And the rather arbitrary rule, already stated, is said in the leading case on this subject to be sustained upon the ground of an implied understanding of the parties. Flureau v. Thornhill, 2 Wm. Black. 1078. In this state the rule is the same as is the English rule. Here it is based upon the analogy between this class of cases and actions for breach of covenant of warrant of title. Peters v. McKeon, 4 Den. 546; Pumpelly v. Phelps, 40 N. Y. 59, 64; Walton v. Meeks, 120 id. 79, 83. In an action for breach of warranty the rule of damage is the value of the land when the warranty was made and since the action for mesne profits came into use, interest thereon, and the amount paid for the property conclusively established its value. Staats v. Ten Eyck, 3 Caines, 111-f; Jenks v. Quinn, 61 Hun, 427, 434-436; affd., 137 N. Y. 223; Jacobs v. Schulte, 153 App. Div. 693, 694; Hunt v. Hay, 156 id. 138, 141. So it has been held that a purchaser cannot recover for improvements made in reliance upon the contract being performed nor are the fees of an architect for drawing plans for a building to be erected in the absence of fraud or bad faith on the part of the seller. Walton v. Meeks, 120 N. Y. 79, 83; *658 Prentice v. Townsend, 143 App. Div. 151, 154. The same rule must apply to the assignee of a purchaser as would obtain in an action brought by the purchaser. Sweet v. Bradley, 24 Barb. 549; 3 Sedg. Dam. (9th ed.) 961.
The plaintiffs are entitled to judgment for the amount paid to defendants on account of the contract, with interest and the expenses of the search. No costs are allowed.
Judgment accordingly.