WAGNER v. VAN SCHAICK REALTY CO.   (No. 5836.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

1. LANDLORD AND TENANT (§ 130*)—LEASE—COVENANTS—QUIET ENJOYMENT—
DAMAGES.

In an action for breach of covenant of quiet enjoyment in a lease, the lessor not being at fault, the lessee can recover only such rent as he had advanced and such mesne profits as he is liable to pay over.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 470–481; Dec. Dig. § 130.*]

2. LANDLORD AND TENANT (§ 130*)—LEASE—COVENANTS—QUIET ENJOYMENT—
DAMAGES RECOVERABLE.

Defendant, having purchased certain real property subject to a mortgage which it did not assume, leased a portion thereof.   The lease provided against assignment without defendant's consent; the tenant agreeing that the lease should be subject to any new mortgage, or mortgages which the landlord might place on the building, and the tenant to execute any and all necessary papers required to effect such subordination. Defendant thereafter conveyed the property subject to the lease, to a grantee to whom the tenant attorned, whereupon the tenant requested from such grantee a consent to the assignment of the lease which was granted, and on such consent assigned the lease to plaintiff's assignor. Defendant never consented to the assignment, and no request therefor was made to him.   *Held*, that as to him the assignment was voidable, and, there being neither privity of contract nor estate between plaintiff and defendant, plaintiff was not entitled to recover more than nominal damages in a suit for breach of covenant of quiet enjoyment by termination of the lease through foreclosure of the existing mortgage on the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 470–481; Dec. Dig. § 130.*]

3. LANDLORD AND TENANT .(§ 53*)—TRANSFER OF TITLE—EFFECT.

Where mortgaged premises subject to a lease were transferred, the grantee became the immediate landlord of the tenant and was responsible for default in the payment of interest on the existing mortgage subject to which he purchased property and in the protection of the tenant's right to possession, so that a foreclosure of the mortgage resulting from the grantee's default in the payment of interest was not the fault of the original lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 129–131, 134, 135; Dec. Dig. § 53.*]

4. LANDLORD AND TENANT (§ 130*)—LEASE—COVENANT OF QUIET ENJOY-
MENT.

Where a lease of mortgaged premises provided that it was accepted subject to any new mortgage or mortgages which the landlord might thereafter place on the building, and the tenant agreed to execute any and all necessary papers necessary to effect such subordination, there being no express covenant for quiet enjoyment, the tenant by accepting the lease had constructive notice of the existing mortgage, and hence there was no implied covenant to protect the tenant's possession against a foreclosure of such mortgage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 470–481; Dec. Dig. § 130.*]

Hotchkiss, J., dissenting.

Appeal from Trial Term, New York County.

Action by David Wagner against the Van Schaick Realty Company. From a judgment for plaintiff for nominal damages, he appeals.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Alexander Pfeiffer, of New York City, for appellant.

Wilson B. Brice, of New York City, for respondent.

INGRAHAM, P. J.  Prior to November 3, 1909, the defendant had acquired the premises known as No. 47 Lenox avenue, in the city of New York, which were subject to a mortgage of $200,000, which the defendant had not assumed or agreed to pay.  On November 3, 1909, the defendant executed a lease of a store in the said building, on the northwest corner of Lenox avenue and 112th street to one Isaac Roth for a term of five years from January 1, 1910, and expiring on December 31, 1915, at the annual rental of $1,300.  The lease provided that the said store was to be used and occupied by said tenant as a grocery store and meat and fish market, and for no other purpose, and contained covenants and conditions, by which the tenant agreed to take good care of the leased premises and to make all repairs required thereto, and, at the end or other expiration of the term, to deliver up the demised premises in good order and condition; damages by the elements excepted.  The tenant agreed to promptly execute and comply with all rules, orders, ordinances, and regulations of the state and city governments for the correction, preventment, and abatement of nuisances in, upon, or connected with said premises during said term, and also to promptly comply with and execute all rules, orders, and regulations of the New York Board of Fire Underwriters for the prevention of fires at his own cost and expense.  The tenant further agreed not to assign the agreement or sublet the premises, or any part thereof, or make any alterations on the premises without the landlord's consent in writing, or occupy or permit, or suffer the same to be occupied for any business or purpose deemed disreputable or extrahazardous on account of fire, under the penalty of damages and forfeiture.  It was further agreed that the lease was "accepted by the tenant as subject and subordinate to any new mortgage or mortgages which the landlord may hereafter place upon the aforesaid building, and the tenant agrees to execute any and all necessary papers required to effect such subordination."

The tenant entered into possession under this lease, the premises being at that time subject to a mortgage for $200,000 made by a former owner of the premises to the Central Trust Company of New York, and recorded April 3, 1906.  While the tenant was in possession thereof under the said lease, and on October 3, 1910, the defendant conveyed the premises, subject to the said mortgage, to the Llewellyn Realty Company, which conveyance was duly recorded on October 28, 1910.  On or about March 21, 1911, the said tenant Isaac Roth assigned to one Morris Fagenson, plaintiff's assignor, all his right, title, and interest, in and to said lease aforementioned, and the term therein provided, which said assignment was made with the written consent of the said Llewellyn Realty Company, which was then the owner in fee and the landlord of the said premises.  But no such written consent to the assignment of the said lease was requested or obtained from the

said defendant, and it had no knowledge thereof. Subsequent to such assignment of the said lease, the Central Trust Company of New York commenced an action to foreclose the mortgage that was a lien upon the premises, without making the defendant a party to that action, and entered a judgment of foreclosure and sale, and procured a sale of the premises under a referee named therein. The referee conveyed the premises to the Novel Holding Company, by a deed dated June 20, 1912, by which foreclosure and sale any right that the assignee of the original tenant Roth had in the premises was foreclosed and extinguished. Thereupon the purchaser demanded from Fagenson, who was the assignee of the lease, the possession of the leased premises, and subsequently the said Fagenson entered into a new lease with the purchaser for four years and ten months, from July 1, 1912, at an annual rental of $1,500 from July 1, 1912, to May 1, 1915, and at a rental of $1,600 annually thereafter until the expiration of the term of said lease. The court found that the defendant herein was not guilty of bad faith or unfair dealing either in the making or the breach of any covenant of quiet enjoyment, implied in the aforesaid lease to Isaac Roth, and also found that the plaintiff was entitled to recover the sum of six cents damages from the defendant and directed judgment for that amount, and from the judgment entered on that decision the plaintiff appeals.

[1] I think the court below was right in awarding to the plaintiff nominal damages only. Assuming that there was in the lease an implied covenant of quiet enjoyment, the rule is now settled in this state:

"In the absence of fault in the lessor, that the lessee can recover only such rent as he has advanced, and such mesne profits as he is liable to pay over." Matter of Strasburger, 132 N. Y. 128, 30 N. E. 379; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115.

[2, 3] Here the landlord had conveyed the real property subject to the lease to the grantee to whom the tenant had attorned. The tenant then requested from the grantee a consent to the assignment of the lease, which was granted, and upon that consent he assigned the lease to the plaintiff's assignor. The defendant never consented to such assignment, and no request for such consent thereto was ever made. As to him therefore the assignment was voidable (Liebmann's Sons Brewing Co. v. Lauter, 73 App. Div. 183, 76 N. Y. Supp. 748), and it is difficult to see how any privity of estate could arise as between the defendant and the assignee of the lessee. To sustain this action there must be some privity of estate, as there was no privity of contract. Mygatt v. Coe, 124 N. Y. 212, 26 N. E. 611, 11 L. R. A. 646. The defendant having conveyed the property and the tenant having recognized the grantee as landlord, there would appear to be no obligation on behalf of the defendant to pay the mortgage or to protect the tenant's property. The foreclosure was the result of the failure of the defendant's grantee to pay the mortgage or the interest thereon. The grantee of the property became the immediate landlord of the tenant, responsible for the default in the payment of the interest and in the protection of the tenant's right to possession. The foreclosure of the mortgage that resulted was not the fault of the defendant, nor was it responsible therefor. I think therefore that, under such circumstances,

the general rule applies that the defendant was liable only for nominal damages on the facts here presented.

[4] I am also of the opinion that in this case a covenant of quiet enjoyment was not implied. The lease provided:

"It is further agreed that this lease is accepted by the tenant as subject and subordinate to any new mortgage or mortgages which the landlord may hereafter place upon the aforesaid building, and the tenant agrees to execute any and all necessary papers required to effect such subordination."

There was no express covenant for quiet enjoyment, and the lessee in accepting this lease gave to the landlord the right to place upon the premises a new mortgage or mortgages. The fact that the lease was to be subject and subordinate to a new mortgage or mortgages was by itself a notice that there were old mortgages upon the property. The defendant offered to prove that at the time the lease was delivered to the lessee a notice was given to the lessee that there was a mortgage on the premises, and an objection to that testimony was sustained on the ground that as the mortgage was recorded the lessee had constructive notice of its existence. There was no concealment by the landlord of the fact that a mortgage was upon the premises. The lessee took the lease subject to such new mortgages as the landlord should place on the premises. He had at least constructive notice of the mortgage then a lien thereon, and I do not think that under such circumstances the law will imply a covenant of quiet enjoyment. If the landlord had paid off the mortgage and had given a new mortgage to the same mortgagee or to another mortgagee, the tenant could not complain. By continuing an existing mortgage, no greater burden was imposed upon the tenant than if a new mortgage had been given, to which the lease was expressly to be subject and subordinate. I can see no ground for implying a covenant of quiet enjoyment of the premises as against the mortgage that then actually existed.

I think therefore the judgment appealed from should be affirmed, with costs.

McLAUGHLIN, LAUGHLIN, and DOWLING, JJ., concur.

HOTCHKISS, J. (dissenting). If the following propositions are not conceded by my Brethren, nevertheless, I believe them to be sustained by ample authority: (1) That the lease from defendant to plaintiff's assignor implied a covenant of quiet enjoyment (Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170; Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506); and (2) that, inasmuch as the lease was not made subject to the mortgage, then a lien upon the premises, a failure on defendant's part to disclose the existence of such mortgage evidenced a degree of bad faith sufficient to entitle the lessee (plaintiff's assignor) to recover compensatory damages (Jacobs v. Schulte, 153 App. Div. 693, 694, 138 N. Y. Supp. 768; Mack v. Patchin, supra, 42 N. Y. 167, 172, 1 Am. Rep. 506; Marsh v. Johnston, 125 App. Div. 597, 109 N. Y. Supp. 1106, affirmed 196 N. Y. 511, 89 N. E. 1104; Friedland v. Myers, 139 N. Y. 432, 436, 34 N. E. 1055).

The privilege to the lessor to subordinate the lease to a "new mortgage" should be construed as the legal equivalent of a lease subject to an existing mortgage. Against the danger of the former the lessee was protected by the implied covenant of the lessor. Against the latter, should it ever occur, the lessee might find means to protect himself. After breach of the covenant, it does not seem to me to be a defense for the lessor to say, "Had I exercised my privilege to place a mortgage on the premises, you would have suffered the same loss."

The doctrine of constructive notice because of the record of the mortgage (assuming any kind of notice to be material) is not applicable, because, while the recording act may be invoked as between adverse claimants to the title or an interest therein, it is not available to defendant as a bar to its bad faith in executing an instrument purporting to convey an interest which it either did not have or had under material and undisclosed limitations. Jackson v. Burgott, 10 Johns. 457, 6 Am. Dec. 349; Same v. West, 10 Johns. 466; Same v. Phillips, 9 Cow. 94; Ackerman v. Hunsicker, 85 N. Y. 43, 39 Am. Rep. 621; Mead v. Bunn, 32 N. Y. 275, 278. Whether, in the face of actual notice of the mortgage, a covenant of quiet enjoyment, so far as that mortgage was concerned, would or would not be implied, is an issue which the court below refused to try, and the question is not before us. For this reason we may not consider the effect, as notice of the clause giving the landlord the privilege to subordinate the lease to a "new" mortgage. I believe but one other question remains. The lease was under seal and the term was five years. It contained a clause which provided that the tenant should not assign the lease "without the landlord's consent in writing." For a breach of this (and as well for a breach of other covenants) a right of re-entry was reserved to the landlord. After the term began the defendant conveyed the premises to the Llewellyn Realty Company. Thereafter, with the consent of this company, the tenant assigned the lease to one Fagenson, who after eviction assigned his claim for damages to plaintiff. The defendant did not consent to the assignment of the lease to Fagenson, and because of this fact it is argued that it is not liable in this action. A covenant of quiet enjoyment is a real covenant, is annexed to the estate, and runs with the land. Gerard's Titles (5th Ed.) 568. A covenant not to assign with a proviso for re-entry is of like nature and is in no way personal. Horsey v. Steiger (1899) 2 Q. B. 79, 89; cases cited 24 Cyc. 968.

It follows that, when the defendant conveyed the premises, all interest in the lessee's covenant not to assign passed to its grantee to whose benefit it thereafter enured. Mygatt v. Coe, 142 N. Y. 78, 36 N. E. 870, 24 L. R. A. 850. With respect to any subsequent assignment the defendant's consent was of no consequence whatsoever.