Philip Ganz, Appellant, *v.* Raymond S. Clark,
Respondent.

(Argued October 7, 1929; decided November 19, 1929.)

*Benjamin Machinist* for appellant. Appellant's
knowledge of the existence of the mortgage is immaterial;
his ouster was due to respondent's fault. (*Conley* v.

*Schiller,* 24 N. Y. Supp. 483; *Degnario* v. *Sire,* 68 N. Y. Supp. 789; *Callahan* v. *Keenan,* 224 N. Y. 503; *Mason* v. *Lenderoth,* 8 App. Div. 38; *Marsh* v. *Johnston,* 196 N. Y. 511; *Mack* v. *Patchin,* 42 N. Y. 167; *Chysky* v. *Drake,* 235 N. Y. 468.) Appellant has a good and substantial cause of action on the merits. (*Matter of O'Donnell,* 240 N. Y. 108; *Conley* v. *Schiller,* 24 N. Y. Supp. 473; *Degnario* v. *Sire,* 68 N. Y. Supp. 789; *Mason* v. *Lenderoth,* 84 N. Y. Supp. 740; *Home* v. *Sherman,* 46 N. Y. 370; *Simmers* v. *Saltus,* 3 Den. 214; *T. G. & T. Co.* v. *21st St. & Fifth Ave. Corp.,* 180 N. Y. Supp. 358; *Dorb* v. *Modern Holding Co.,* 194 App. Div. 957; *Matter of O'Donnell,* 240 N. Y. 108; *Mack* v. *Patchin,* 42 N. Y. 167.)

*Stuart H. Benton* for respondent. Unless a plaintiff proves that a defendant was guilty of bad faith or unfair dealing either in the making or in the breach of the covenant of quiet enjoyment, and no rent has been paid in advance, no damages may be recovered. (*Thorley* v. *Pabst Brewing Co.,* 179 Fed. Rep. 338; *Mack* v. *Patchin,* 42 N. Y. 167; *Matter of Strasburger,* 132 N. Y. 128; *Wagner* v. *Van Schaick Realty Co.,* 163 App. Div. 632; *Jacobs* v. *Schulte,* 153 App. Div. 693; *Matter of Hunt,* 120 Misc. Rep. 174; *Kimbark* v. *Waldemar Co.,* 169 App. Div. 239; *Cockroft* v. *N. Y. & N. H. R. R. Co.,* 69 N. Y. 201; *Northridge* v. *Moore,* 118 N. Y. 419; *Walter* v. *Meeks,* 120 N. Y. 79; *Empire Realty Corp.* v. *Sayre,* 197 App. Div. 422; *Schwimmer* v. *Roth,* 111 Misc. Rep. 654.) There was no fault or fraud committed by the defendant either in the making or in the breach of the covenant for quiet enjoyment. (*Wagner* v. *Van Schaick Realty Co.,* 163 App. Div 632.)

O'BRIEN, J. The owner of premises in New York city mortgaged them and shortly thereafter conveyed to defendant. Plaintiff, with knowledge of the existence of the mortgage, leased part of the building from defendant for a term of five years with the right to a renewal for

another five years. The lease contained a covenant for quiet enjoyment. Defendant, as long as he held title, paid the interest on the mortgage but, after conveyance to another to whom plaintiff paid rent for four months, the grantee defaulted. The mortgage was foreclosed and plaintiff was evicted. In this action for breach of the covenant, a verdict was directed against him and the judgment for defendant has been unanimously affirmed.

The lessor bound himself by solemn covenant that his lessee might " peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid." He promised that for five years, or, at plaintiff's election, for ten years, the tenant should be free from disturbance in his possession of the premises. His promise was not conditional upon his retention of title, nor upon the lessee's ignorance of the existence of the mortgage nor upon refusal to pay rent to the grantee. Without qualification the compact was made. Its obligation has not been fulfilled. Unless the weightiest reason be advanced whereby its breach may be condoned, the conclusion must follow that the agreement shall be enforced or a penalty paid for its violation. When the owner of real estate pledges that for ten years his tenant shall be free from eviction, he assumes a heavy burden. Yet, on the other hand, the tenant, if he were put at the mercy of one who fails to perform acts necessary for the protection which he has undertaken to provide, would be compelled to support a load even more oppressive. By a short term lease the owner may keep his liability within narrow bounds. He will not be allowed to secure the benefit of a long term lease with a short term liability. Merely because he divests himself of title he cannot be heard to cast off his responsibility. Respondent rejects the application of a rule of such straightforward simplicity and argues that, unless the covenantee proves the covenantor guilty of bad faith or unfair dealing either in the making or in the breach of the covenant and also

proves advance payment of rent, no damages may be recovered.

In *Mack* v. *Patchin* (42 N. Y. 167) the rule was recognized that where an implied covenant for quiet enjoyment is broken, the tenant is entitled to recover and that the only question in such an action relates to the measure of damage. The court conceded that, ordinarily, the lessee can recover only such rent as he has advanced and such mesne profits as he is liable to pay over, but both the judges who wrote opinions in that case added several conditions which qualify this ordinary rule. Among them is the failure of a lessor to remedy a defect in his title due to the existence of a mortgage lien and his refusal to incur expenses which would enable him to fulfill his contract. In that very case the lessor was cast in damages beyond the measure of the ordinary rule because he owned the real estate at the time he made the lease, was presumed to know of the existence of the mortgages and because he did not pay them and thus perfect his title and protect the lease which he had given. " When he gave this lease," declares Chief Judge EARL, " if he acted in *good faith*, he must have intended, in some way, to have taken care of these mortgages; and, because he did not do so, having the ability, so far as appears, to do so, he should be held liable to the damages recovered." In *Matter of Strasburger* (132 N. Y. 128) this court cited *Mack* v. *Patchin* as its authority and stated that, if the breach of the covenants for quiet enjoyment had resulted from the fault of the lessor, the measure of damage would be the value of the unexpired leases less the rents reserved. That lessor had become insane and his breach, therefore, resulted not from his fault but from his misfortune. The court held that, if he had remained sane and had refused to protect his covenants, the damages for the breach would have been measured by the rule in *Mack* v. *Patchin* (*supra*). In *Friedland* v. *Myers* (139 N. Y. 432, 436) we proceeded to the point of imposing liability for breach of covenant even

when the covenantor acted in good faith and we acknowledged additional exceptions to the usual rule as declared in *Mack* v. *Patchin*. "But other damages," states the opinion, "may also be recovered, provided they are proximate in effect, and are not speculative or uncertain in character and were fairly within the contemplation of the parties when the lease was made, or might have been foreseen as a consequence of a breach of its covenants." In *Thorley* v. *Pabst Brewing Co.* (179 Fed. Rep. 338) the Circuit Court of Appeals thoroughly reviewed all the New York decisions relating to the measure of damage on the breach of a covenant for quiet enjoyment and held that among the exceptions to the ancient rule is the one calling for compensatory damages when there is fault or what amounts to a fault on the part of the lessor. The precedent upon which the judgment at bar is founded and upon which respondent to a large extent relies is *Wagner* v. *Van Schaick Realty Co.* (163 App. Div. 632). Even if full approval were to be extended to the reasoning of the opinion in that case, the facts are quite different. A very special situation was there present.

When a lessor covenants for quiet enjoyment, he is bound to take such measures in relation to the mortgage as will enable him to accomplish the purpose of his covenant. His promise survives his divestment of title. If he is at fault in failing to provide payment of interest on the mortgage, even after he has ceased to hold title to the premises, he must answer for his fault. His interest in the lease continues to the extent of his covenant and he will not be allowed to abandon the obligations which he has assumed. He is liable for the loss of the bargain. (*Mack* v. *Patchin, supra; Friedland* v. *Myers, supra.*)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment reversed, etc.