JAMES HUGHES, INC., Appellant, *v.* BROWNING, WELLS & CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, July 13, 1936.

*Max Rockmore*, for the appellant.

*Macklin, Brown, Lenahan & Speer* [*Leo F. Hanan* of counsel], for the respondent.

PER CURIAM. The president of the defendant corporation, knowing that the cargo had been on fire, without taking any steps to ascertain if the fire had been extinguished, voluntarily signed the charter party without reservation or exception, which, if he desired, he could have inserted in the contract. One who makes a positive agreement to do a lawful act is not absolved from liability for a failure to fulfill his covenant by a subsequent impossibility of per-

formance caused by an act of God or an unavoidable accident. (*Buffalo & L. Land Co.* v. *Bellevue L. & I. Co.*, 165 N. Y. 247; *Marsh* v. *Johnston,* 125 App. Div. 597; affd., 196 N. Y. 511; *Berg* v. *Erickson*, 234 Fed. 817, at p. 820.)

Judgment reversed, with thirty dollars costs, and judgment ordered for plaintiff, the amount of plaintiff's damages to be assessed by the court or referee.

LYDON and FRANKENTHALER, JJ., concur; LEVY, J., dissents, with memorandum.

LEVY, J. (dissenting). I dissent. In the circumstances here disclosed the doctrine of impossibility of performance does not apply. Briefly stated, that doctrine holds that where, after contract and before the time for performance, the particular thing — the subject of the contract — ceases to exist without the fault of either party, performance will be deemed discharged. This, for the rather obvious reason that in the very contract is implied a condition that the given thing will continue in existence. (*Cameron-Hawn Realty Co.* v. *City of Albany*, 207 N. Y. 377.) In this case a transportable cargo was not in being at the time of contract. While the testimony upon this subject is somewhat in conflict, it is clear nevertheless that both parties well knew that the cargo had been on fire. Both parties discussed it thoroughly; both contracted, apparently believing a specific transportable cargo still existed; both were mistaken as to the subject-matter. It follows, therefore, that the contract was *nudum pactum* and that plaintiff could not rely upon it. (*Texas Co.* v. *Hogarth Shipping Co.*, 256 U. S. 619, 629.) The judgment should be affirmed.