LEWIS DE ANGELIS, Respondent, *v.* WHITE-ALL CORP., Appellant, et **al.,** Defendants.

*Per Curiam.* We find no ambiguity in the lease involved in this action. The question of construction, therefore, was for the court rather than the jury. However, under the circumstances we consider that the defendant was not

prejudiced by the submission of the issue of construction to the jury in this case.

Under the lease the tenant was required to obtain the license for the billiard parlor and any permit necessary under the local law relating to occupancy of places of public assembly. The landlord made no representation as to the suitability of the premises for use as a billiard parlor. But in view of the alterations made to the building by the landlord it was unlawful to occupy any part of the premises for any purpose until a certificate of occupancy had been obtained (New York City Charter [1938], § 646; Administrative Code of City of New York, § C26–181.0 et seq.). No license for a particular use could be obtained until the certificate of occupancy was issued. Furthermore, the lease expressly prohibited the use of the premises for any purpose not provided in the certificate of occupancy. The landlord was obligated to obtain a certificate of occupancy. It failed to do so for several months after the commencement of the term, and the tenant vacated.

Under the circumstances the question as to whether the landlord had breached the lease and the additional question of damages were properly submitted to the jury. The plaintiff took no exception to the charge in respect to either of these matters.

The damages awarded do not appear to be excessive.

The judgment, so far as appealed from, should be affirmed, with costs.

Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Judgment, so far as appealed from, unanimously affirmed, with costs. [See post, p. 893.]