PARK SHERATON CORPORATION, Respondent, *v.* ARTHUR GRASSO, Appellant.

First Department, November 25, 1958.

*Herbert Shiff* of counsel (*Leo Kotler,* attorney), for appellant.

*Monroe Goldwater* of counsel (*Robert Conrad* with him on the brief; *Goldwater & Flynn,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order denying defendant's motion to dismiss the first cause of action of the amended complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice.

On February 5, 1954, a lease was executed between Park Sheraton Corporation (herein referred to as Landlord) and Grasso (herein referred to as Tenant). The lease, for a period of 10 years, was for a ground floor store in the premises which was

used as a barbershop by Tenant. Sometime on or about October 25, 1957, a homicide occurred in the premises, the subject being a person whose name was well if not favorably known to the public. Thereafter this action was instituted. The first cause of action is for ejectment.

Pertinent portions of the lease are as follows:

Paragraph 17 (in part): " If Tenant defaults in fulfilling any of the covenants of this lease other than the covenant for the payment of rent or additional rent * * * upon Landlord's serving a written five (5) days' notice upon Tenant specifying the nature of said default and upon the expiration of said five (5) days, if Tenant shall have failed to comply with or remedy such default * * * then Landlord may serve a written three (3) days' notice of cancellation of this lease upon Tenant, and upon the expiration of said three (3) days, this lease and the term thereunder shall end ".

Paragraph 18 states, in part: " In the event of a breach or threatened breach by Tenant of any of the covenants or provisions hereof, Landlord shall have the right of injunction and the right to invoke any remedy allowed at law or in equity as if re-entry, summary proceedings and other remedies were not herein provided for."

Under paragraph " Fifth " of the rider: " The Tenant covenants that it will conduct its business in the demised premises in a suitable manner ".

Landlord contends paragraph " Fifth " of the rider constitutes a condition: that it is not necessary for Landlord to allege notice and that under paragraph 18 of the lease it is free to seek ejectment for breach of condition.

Tenant contends that a failure to allege notice and compliance with the provisions of paragraph 17 of the lease renders this portion of the complaint fatally defective; that this was a covenant and notice is required.

The language here is clear, unequivocal and free of ambiguity. " Mere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact. It has long been the rule that when a contract is clear in and of itself, circumstances extrinsic to the document may not be considered." (*Bethlehem Steel Co.* v. *Turner Constr. Co.,* 2 N Y 2d 456, 460; *General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87.)

Reading the instrument as a whole it is clear that there is a covenant binding the Tenant. Such a construction is in harmony with the express language as well as the rules of law applicable to a written lease.

494

Where the language of the lease is clear and the duties and obligations of the parties are set forth concisely, construction is solely for the court. (*Wendel Foundation* v. *Moredall Realty Corp.*, 282 N. Y. 239, 244; *Byrnes* v. *Balcom*, 265 App. Div. 268; *Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456, *supra*; 1 New York Law of Landlord and Tenant, § 297; 2 New York Law of Contracts, § 795; *De Angelis* v. *White-All Corp.*, 273 App. Div. 873.)

The term ''covenant'' appears frequently in the lease and there is no reason shown why it should not be given its ordinary meaning. The construction contended for by Landlord could make the contract unreasonable or place the Tenant at the mercy of the Landlord. This construction is to be avoided (cf. *Schoellkopf* v. *Coatsworth,* 166 N. Y. 77, 84).

'' The tendency of the courts has always been to construe provisions in a lease as covenants and not as conditions working a forfeiture of the term '' (3 New York Law of Landlord and Tenant, §§ 997, 998).

Since this is determined to be a covenant, the first cause of action of the complaint is insufficient. The order appealed from should be reversed on the law, motion granted and the complaint dismissed with leave to replead. Costs to the appellant.

BREITEL, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant; the motion granted, with $10 costs; and the complaint dismissed with leave to replead. The amended complaint is to be served within 20 days after service of a copy of order, with notice of entry.