■    ABE COOPER-SYRACUSE, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33861.) (Action No. 2.) — Judgment affirmed, with costs. All concur, except Halpern, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: (1) The value allowed for the building, which was determined solely on the basis of reproduction cost, was excessive because the deduction made for physical depreciation was inadequate and no deduction was made for functional depreciation or obsolescence. The building was over 70 years old. It had originally been built as a factory or warehouse and had subsequently been adapted for use as a retail store. The building concededly was not of modern type or design. It had many features which were not desirable for a retail business like the claimant's, such as sales areas on different levels. Also, it had many costly features, such as extra thick walls and extra strong floors, which were not needed and which would not be used in modern construction. The claimant's expert on reproduction cost admitted that the building was not of the type or character that would be reproduced today. In this situation, reproduction cost could not properly be used as a measure of present value, unless it was "heavily discounted." (2 Orgel, Valuation under Eminent Domain [2d ed.], § 191, pp. 23–24; Jahr, Eminent Domain, § 156, pp. 246–247; 1 Bonbright, Valuation of Property, p. 163; Wendt, Real Estate Appraisal, pp. 215–218, 223–224, 244.) Under the circumstances, the failure of the claimant's expert to make any allowance for functional depreciation or obsolescence invalidated his reproduction cost valuation and the award based thereon cannot stand. (2) The amount allowed for the value of the land was also excessive. Although the side line of the property concededly did not abut on Hiawatha Boulevard but was separated from the boulevard by a parcel of land owned by the State, the claimant's experts valued the land upon a front foot basis as if it abutted on the boulevard, because the owner had been permitted in the past to use the intervening land. This was erroneous. (Cf. the converse situation considered in *Robinson* v. *State of New York*, 3 A D 2d 326.) One of the claimant's own experts recognized that the land value would have to be reduced by $11,305 if the theory upon which the experts relied were rejected. Since the Court of Claims adopted the valuation by the claimant's experts without change, the same error infected the award. (Appeal from a judgment of the Court of Claims for claimant on a claim for appropriation of realty.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD SCHIRMER, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Wyoming County Court convicting defendant of violation of section 1053-a of the Penal Law.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■    DOMINICK DAMICK et al., Respondents, v. JOSEPH GEBARA, Appellant.— Judgment and order affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Ontario Supreme Court for plaintiffs in an action in conversion. Also appeal from order of Ontario Supreme Court denying a motion for a new trial.)  Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■    INDUSTRIAL DEVELOPMENT FOUNDATION OF AUBURN, NEW YORK, INC., Respondent, v. UNITED STATES HOFFMAN MACHINERY CORPORATION, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Cayuga Trial Term adjudging that defendant convey certain premises to plaintiff.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ. [11 Misc 2d 625.]