Harold Baer, J.
This is a mortgage foreclosure proceeding. It involves an office building at 220 West 42nd Street in the County of New York. The plaintiff acquired the building in 1966 for $2,150,000, subject to the liens of a first and second mortgage totaling $1,900,000.
The defendant Cohen entered into a 21-year lease in 1965 with the then owner. The lease contained the usual covenant of quiet enjoyment:
"Landlord covenants and agrees with Tenant that upon Tenant paying the rent and additional rent and observing and performing all the terms, covenants and conditions on Tenant’s part to be observed and performed, Tenant may peaceably and quietly enjoy the premises hereby demised, subject, nevertheless, to the terms and conditions of this lease including, but not limited to Article 33 hereof and to the ground leases, underlying leases and mortgages hereinbefore mentioned.” And a subordination clause:
"This lease is subject and subordinate to all ground or *261 underlying leases and to all mortgages which may now or hereafter affect such leases or the real property which demised premises form a part, and to all renewals, modifications, consolidations, replacements and extensions thereof. This clause shall be self-operative and no further instrument of subordination shall be required by any mortgagee. In confirmation of such subordination, Tenant shall execute promptly any certificate that Landlord may request. Tenant hereby constitutes and appoints Landlord the Tenant’s attorney in fact to execute any such certificate or certificates for and on behalf of Tenant.”
In July, 1968, plaintiff sold the property to the defendant Ronbet Newmark Company for $3,350,000, subject to first and second mortgages totaling $1,950,000. The balance of the purchase price was paid by cash of $750,000, and by the execution of a purchase-money third mortgage in the sum of $650,000.
After default by the defendant Ronbet Newmark Company, this foreclosure action was commenced in September, 1974. At the trial plaintiff proved that the sum due on account of the third purchase-money mortgage was $756,806.75 as of September 24, 1975.
None of the defendants have interposed a substantive answer except Cohen. Ronbet Newmark Company executed an assignment of rents to the plaintiff effective December 1, 1974. The Cohen subtenants have stipulated that their rights would be dependent upon the outcome of the action against Cohen, and withdrew their answers.
Cohen contends that his lease is not subject to defeasance upon foreclosure; that there was a conspiracy to oust him from possession; that the purchase-money mortgage at issue in this proceeding is subordinate to his lease. He also cross-claims seeking damages by reason of the alleged conspiracy and breach of the covenant of quiet enjoyment.
The lease contains a covenant of quiet enjoyment (par 22). It also contains a broad subordination clause (par 7). Plaintiff contends that the subordination clause clearly makes the lease subject to "all mortgages which may now or hereafter affect such leases” (Wagner v Van Schaick Realty Co., 163 App Div 632). That the covenant of quiet enjoyment is superseded by the subordination clause.
In New York, a mortgagor retains legal title and the mortgagee merely has a lien thereon (Barson v Mulligan, 191 NY *262 306). Therefore, a landlord who has mortgaged his property may nevertheless grant valid leases to such property, and such leases will be subject to the mortgage. However, by virtue of the covenant for quiet enjoyment, the landlord is under an obligation to his tenant to prevent foreclosure of mortgages or other liens affecting the premises at the time the lease is made.
"When a lessor covenants for quiet enjoyment, he is bound to take such measures in relation to the mortgage as will enable him to accomplish the purpose of his covenant. His promise survives his divestment of title * * * he will not be allowed to abandon the obligations which he has assumed” (Ganz v Clark, 252 NY 92, 96).
If a landlord gives a mortgage covering his property after he has granted a lease on such property, the lease is superior to and in no way affected by the mortgage (City Bank of Bayonne v Hocke, 168 App Div 83; Metropolitan Life Ins. Co. v Childs Co., 230 NY 285, 290).
When the lease contains a subordination clause, as here, making the lease subordinate to any new mortgage, it has been held that no covenant of quiet enjoyment will be implied (Wagner v Van Schaick Realty Co., 163 App Div 632, supra). There was no express covenant for quiet enjoyment in that case. There is such a covenant in the case at bar. In Ganz v Clark (supra) an owner of a mortgaged building leased part of it, then conveyed the building. It was held that the grantor-landlord was liable for breach of the covenant for quiet enjoyment to the tenant who was ousted from the premises as a result of a mortgage foreclosure because of a default by the grantee (also, see, Rasch, NY Landlord and Tenant [2d ed], §§ 956, 957, 958).
The plaintiff relies strongly on the subordination clause. They contend that it supersedes the quiet enjoyment clause. Plaintiff also points to paragraph 33 of the lease relieving owner of all covenants upon a sale. However, under the facts of this case the plaintiff is in an ambivalent position. They are not third parties who have given cash consideration in exchange for a note and a mortgage lien as security therefor. These plaintiffs who seek to foreclose Cohen’s valuable property (the lease) are the same parties who covenanted or assumed the covenant of quiet enjoyment embodied in that lease. They are also mortgagees in possession by reason of the assignment of rents (see 38 NY Jur, § 118 and clause 33 of *263 lease). While there are many cases interpreting subordination clauses and covenants of quiet enjoyment and their relative importance to owners, lessees and mortgagees (Wagner v Van Schaick Realty Co., supra; Ganz v Clark, supra; Dominion Fin. Corp. v 275 Washington St. Corp., 64 Misc 2d 1044), there is no precedent in the case law of this State in which a purchase-money mortgagee has sought to foreclose a lease in which he as owner covenanted quiet enjoyment. There is no case assessing the relative importance of the two covenants or which will supersede the other under these circumstances.
Just as plaintiff contends that defendant could have limited the scope of the subordination clause with respect to mortgages that "may hereafter” affect the premises, the landlord could have clearly limited action for breach of the covenant of quiet enjoyment (Loubon Realty Corp. v Moskowitz, 266 App Div 749).
This is basically an equity action. As such, fair dealing as between the parties is essential. The background of the landlord-tenant relationship, and the relationship between the vendor plaintiff and the vendee mortgagor raise serious questions. The attempt by the plaintiff to evict this tenant in 1968; the testimony of Steingart (a partner of plaintiff) and his failure to deny Cohen’s testimony to the effect that he wanted Cohen out and could break any lease; the testimony of partners in Ronbet Newmark Company that they knew nothing about the afore-mentioned 1968 eviction proceeding although it occurred at or near the time of the purchase of the building; the assignment of rents with little or no attempt to recoup substantial alleged losses; the testimony of Ronbet Newmark partners at an examination before trial and at trial to the effect that they now had no interest in this building "until we get the foreclosure through”; all of these facts may not be sufficient to sustain defendant Cohen’s burden of proof to spell out a conspiracy, but they are sufficient to raise a strong inference of sharp practice and question plaintiff’s right to equitable relief against the tenant Cohen (38 NY Jur, p 619). "Whether conduct is unconscionable or oppressive depends upon the facts of each case” (Clark-Robinson Corp. v Jet Enterprises, 159 NYS2d 214, 216; Germania Life Ins. Co. v Potter, 124 App Div 814).
When plaintiff took a purchase-money mortgage to secure the note, the security was the property, subject to two mortgages and Cohen’s lease. There is no justification in law or *264 equity for plaintiff, upon foreclosure, to obtain greater security than it originally obtained (Metropolitan Life Ins. Co. v Childs Co., 230 NY 285, supra).
Finally, in interpreting the clauses of the lease here at issue (pars 7 and 22), and their effect upon the parties, a fair and reasonable interpretation is preferable to one that is harsh or unreasonable. The clauses as they affect a purchase-money mortgagee (plaintiff), the owner-mortgagor who has given possession to the mortgagee, and a tenant, should not be interpreted so as to place the tenant at the mercy of the owner or mortgagee in possession (33 NY Jur, Landlord and Tenant, § 76; Park Sheraton Corp. v Grasso, 6 AD2d 492).
"Principles of equity and reason, as well, preclude a highly technical interpretation which would result in depriving a party of his property.” (Brause v 2968 Third Ave., 41 Misc 2d 348, 352, affd 43 Misc 2d 691.)
Courts of equity frown upon the principle of forfeiture. Courts should interpret contracts to avoid such result. (Rockaway Park Series Corp. v Hollis Automotive Corp., 206 Misc 955, affd 285 App Div 1140; Industrial Development Foundation v United States Hoffman Mach. Corp., 11 Misc 2d 625, affd 8 AD2d 579; also, see, 220 West 42 Assoc. v Cohen, 60 Misc 2d 983, 985.)
The defendant Cohen is not entitled to judgment on his cross claim. He has proved neither legally sufficient conspiracy, nor damages by reason of the breach of the covenant of quiet enjoyment. He remains in possession. He has not been evicted Metropolitan Life Ins. Co. v Childs Co., supra; Knickerbocker Oil Corp. v Richfield Oil Corp. of N. Y. 234 App Div 199, affd 259 NY 657). The cross claim is dismissed.
The plaintiff may have judgment of foreclosure and the sale may proceed, subject to existing mortgages and also subject to the Cohen lease, dated February 5, 1965.