■ CROSS-PATH REALTY CO., Appellant, v WALDBAUM, INC., Respondent. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered March 20, 1981, denying the plaintiff's motion for summary judgment, unanimously modified, on the law, without costs, to grant partial summary judgment to the plaintiff in the amount of $49,507.23, and the matter remanded for a hearing on reasonable attorneys' fees under the second cause of action. The defendant tenant is the successor assignee on a lease of supermarket space in Queens.

Under the original lease, there was a minimum annual rental of $45,000 with a provision for a supplemental 1% of the gross annual sales exceeding $4,500,000, with certain deductions. The amended lease increased the floor figure for the 1% rent computation to $6,000,000. According to the plaintiff landlord, in the year in question, 1979, the 1% override amounted to $49,507.23 after deducting real estate taxes before reaching the floor figure of $6,000,000. The defendant contends that the real estate taxes and certain common area charges should be deducted from the percentage rental, which would leave a deficit balance, and therefore no override would be payable. The court at Special Term found an ambiguity in the agreement to be resolved at trial by parol evidence. The lease in question is supposed to be a net lease. If the tenant's analysis is correct, the landlord pays the charges through its override of rent, and so, in effect, it is no longer a net lease. The language of the agreement is as follows: "in excess of $6,000,000 per year calculated at the end of each calendar year during the term of this lease and be payable within ninety (90) days of the end of each calendar year, additional rentals, payments and charges payable under said Lease by tenant". The tenant contends that the agreement is so defectively drawn that parol evidence is necessary to determine the meaning. Real estate taxes being a very substantial part of any real estate arrangement, if it were to be deducted from the percentage rental due on the override, there should have been a more definitive statement for such a calculation. In fact, there is a provision in the lease with respect to "special taxes" allowing a deduction from the percentage rental. There being no ambiguity, mere assertion by the tenant that there is one does not warrant having parol evidence. (See *Park Sheraton Corp. v Grasso,* 6 AD2d 492, 493; cf. "A Note on Interpreting Contracts" by Bernard H. Goldstein, 53 St John's L Rev 746.) Concur — Kupferman, J.P., Sandler, Sullivan, Carro and Markewich, JJ.